IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. PD-1447-04




 


JORGE LUIS MUNGARAY, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Hervey, J., delivered the opinion of the Court in which Keller, PJ.,
Meyers, Johnson, Keasler, Holcomb, and Cochran JJ., joined. Price and Womack,
JJ., concurred.


O P I N I O N 



 In February 2003, appellant was tried and convicted in Dallas County of the sexual assault
of one step-daughter, T.A. (cause number F00-73072-PI), and the aggravated sexual assault of
another step-daughter, M.A. (cause number F01-75552-I). (1) Appellant received a life sentence for
the aggravated sexual assault of M.A. The trial court stacked this Dallas County life sentence onto
a 99-year sentence that was imposed on September 6, 2001, for an aggravated sexual assault of a
child conviction in cause number 013136 in the 106th Judicial District Court of Gaines County. (2) See
Article 42.08(a), Tex. Code Crim. Proc., (granting a trial court the discretion to order that a
defendant's sentence does not begin until the defendant's sentence in a preceding conviction has
ceased to operate). The issue in this case is whether there is some evidence to support a finding that
appellant is the one who was convicted in the Gaines County case. (3) We decide that there is some
evidence to support such a finding.

 The evidence in this case shows that appellant sexually assaulted T.A. and M.A. when they
lived in the town of Seminole, which is in Gaines County. They moved to Dallas County where
appellant's sexual assaults of T.A. and M.A. continued. The children's mother, Linda Mungaray,
who was also appellant's wife, participated with appellant in some of these sexual assaults. We set
out some of the facts from the opinion of the Court of Appeals:

 Assault of T.A.


 Appellant was convicted for sexually assaulting his two stepdaughters, T.A.
and M.A. He first sexually assaulted T.A. when the family lived in Gaines County
and T.A. was twelve years old. Thereafter, appellant repeatedly sexually assaulted
T.A. over the course of the next three years. Linda Mungaray, T.A.'s mother and
appellant's wife, was present for these assaults and sometimes participated in sexual
acts with appellant at the same time he was sexually assaulting T.A. Appellant and
Linda would often give T.A. alcoholic drinks or Valium when appellant wanted to
have sex with T.A. "to make her calm down." Appellant also offered T.A. money
or clothes when he wanted to have sex with her. The State introduced calendar pages
on which Linda had marked the days appellant sexually assaulted T.A. The calendar
also showed marks by T.A. where she tracked her menstrual cycle; appellant had her
mark her days of menstruation days [sic] to avoid the possibility of pregnancy.


 In early 2000, when T.A. was fifteen years old, appellant moved to Dallas
County. After the school year ended, Linda moved with her four children to
appellant's apartment in Dallas County. Shortly after arriving in Dallas, T.A. was
again sexually assaulted by appellant. According to Linda, T.A. had been drinking
mixed drinks appellant made and was "real drunk." Linda took T.A. to the restroom
and T.A. stayed there. Linda went out onto the balcony, then appellant and T.A.
appeared at the door; both were unclothed. Appellant said T.A. was hysterical and
about to run outside. Linda laid T.A. on the air mattress in the living room, lay down
with her-facing her-and tried to calm her. While Linda tried to calm T.A., appellant,
was behind T.A. and was penetrating her vagina with his penis. Linda "couldn't take
it anymore" and got up and went back outside. T.A. testified she had been drinking
that night and had told her mother she felt weird. She next recalls waking on the air
mattress. Appellant was beside her, naked, with his arm on her. T.A. went to her
mother on the balcony and told her "why did she let this happen again." Within that
week, T.A. returned to Gaines County to her father's house. T.A. finally told her
father what appellant and Linda had been doing to her since 1997, and he made a
report to the police.


 Assault of M.A.


 While still living in Gaines County, appellant also had begun to show an
interest in M.A., T.A.'s younger sister, when M.A. was seven years old. Appellant
touched M.A.'s "private part" on three separate occasions while they all lived in
Gaines County; Linda was at work during each of those occurrences. In Dallas
County in August 2000, after T.A. had moved back to her father's house, appellant
sexually assaulted M.A. while Linda was present. M.A. was almost nine years old
at the time. Both M.A. and Linda testified to the facts surrounding the August 2000
sexual assault. After the assault, appellant said it was not the same; it was not T.A. 
Shortly after this occurrence, appellant asked Linda to move out.[ (4)]


 The record also reflects that, just before the beginning of voir dire in the Dallas County case
and after the trial court had referred to the State's witness, Linda Mungaray, as "a co-defendant [with
appellant] in another county," appellant's lawyer moved to continue the Dallas County case until the
disposition of "two prior cases that [were] on appeal." Appellant's lawyer asserted that these prior
cases on appeal were "directly related to [the Dallas County] cases." The trial court would not
"continue [the Dallas County] case based upon the outcome of that appeal in that county." (5)

 [THE STATE]: Judge, I told [defense counsel] that the witness that we had promised
the [sic] bench warrant I talked to the sergeant-


 [THE COURT]: What's this witness's name?


 [THE STATE]: Linda Mungaray.


 [THE COURT]: She is the wife of the defendant?


 [DEFENSE]: Yes. I'm not sure if she's the wife or ex-wife, but yes.


 [THE COURT]: And she was a co-defendant in another county with [appellant]?


 [THE STATE]: And in this county.


 [THE COURT]: Oh, all right.

* * *

 [THE COURT]: Anything else needs to be addressed?


 [DEFENSE]: Yes, Your Honor. [Appellant], there is [sic] two cases, one case or two
cases, also two prior cases that are on appeal right now. And we would ask for a
motion for continuance to wait to see how the appeal turns out on those cases
because they're directly related to these cases. And so we feel that depending on the
outcome of the appeal it would greatly impact this case. So we would ask for a
continuance to wait for the appeal.


 [THE COURT]: Well, that request is denied. I'm not going to continue this case
based upon the outcome of that appeal in that county. But I will grant a motion in
limine directing the State not to mention the conviction in the other county until they
feel it becomes necessary, and you can approach the bench.[ (6)]


 The record also reflects that, when cross-examining Linda Mungaray, appellant's lawyer
referred to appellant's previous trial in "Seminole County."

 Q. [DEFENSE]: And all the time that this case was pending in Seminole County, you
didn't say anything until a week before his trial; is that correct?


 A. [LINDA MUNGARAY]: That's correct.


 The record further reflects that, when cross-examining M.A., appellant's lawyer asserted that
appellant's "first trial in Seminole County (sic) was in September 4th of 2001."

 Q. [DEFENSE]: And the first trial in Seminole County (sic)[ (7)] was in September 4th
of 2001; is that correct?


 A. [M.A.]: Yes.


 Appellant's lawyer later asked M.A. if she remembered testifying on September 6, 2001, (8) in
"Seminole County."

 Q. [DEFENSE]: Do you remember testifying back on September 6th of 2001 in
Seminole County?


 A. [M.A.]: Yes.


 Appellant testified outside the jury's presence at the punishment phase that his cases in
"Seminole (sic) County" were on appeal.

 Q. [DEFENSE]: Mr. Mungaray, you understand that you've been found guilty of
these two offenses; is that correct.


 A. [APPELLANT]: Yeah.


 Q. And you understand that because your cases in Seminole (sic)[ (9)] County are on
appeal right now, you do not have a final conviction anywhere?


 A. Yes.


 Q. And so you understand that you are eligible for probation by the jury; is that
correct?


 A. Yes.


 After the jury sentenced appellant to life imprisonment in the Dallas County case, the trial
court excused the jury and held a hearing on the "stacking" issue. The record from this hearing
reflects that appellant did not dispute that he was the convicted person sentenced to 99 years in the
Gaines County case when the trial court announced that appellant's Dallas County life sentence
would be stacked onto his 99-year Gaines County sentence.

 [THE COURT]: You may be seated.


 And Mr. Corrigan [the prosecutor], [appellant] has previously been sentenced to a
life sentence; is that correct?


 [STATE]: 99 years, Judge.


 [THE COURT]: And what county is that in?


 [STATE]: Gains [sic][ (10)] County, Texas. It's not a final conviction. It's on appeal.


 [THE COURT]: Right. I understand. Who was the victim in that case?


 [STATE]: Both of the victims that have testified in court here. [M.A.] and [T.A.]
were both-no. Excuse me. Just [T.A.]. [M.A.] testified as a punishment witness.


 [THE COURT]: Okay.


 Ms. Castillo [defense counsel], is there any legal reason why sentence ought not to
be imposed at this time?


 [DEFENSE]: No, Your Honor.


 [THE COURT]: [Appellant], if you would, please stand back up. The jury has found
you guilty of sexual assault of a child and aggravated sexual assault of a child. In the
sexual assault of a child case, it's my duty to formally sentence you at this time.


 In Cause Number F00-73072 [the sexual assault of T.A.]. I hereby sentence you to
a term of confinement in the Institutional Division of the Texas Department of
Criminal Justice for 20 years, there's a fine of $10,000.


 In Cause Number F01-75552 [the aggravated sexual assault of M.A.], I find you
guilty of the offense of aggravated sexual assault of a child and hereby sentence you
to a term of imprisonment of the Institutional Division of the Texas Department of
Criminal Justice for life, and there's a fine of $10,000.


 Each of these cases are to run consecutively. That means one after the other. And
each of these cases are to run consecutively with the 99-year sentence imposed in
Gains [sic][ (11)] County, Texas, arising out of the same criminal episode.[ (12)]


 You have a right to appeal the decisions of the jury and of the Court. If you cannot
afford an attorney on appeal, the Court will appoint you an attorney on appeal, the
Court will appoint you an attorney to represent you on appeal. You need to speak
with your attorney here today and she will help you fill out the appropriate paperwork
to make sure that you get your notice of appeal which has to be filed within 30 days.


 Do you have any questions?


 [APPELLANT]: No.


 The Court of Appeals decided that the evidence is "insufficient to establish a connection
between appellant and the prior [Gaines County] conviction." See Mungaray, slip op. at 11. (13) The
Court of Appeals affirmed the trial court's judgment after modifying it to delete the cumulation
order. We granted review on the following grounds:

 1. When reviewing the sufficiency of the evidence to support an order cumulating
sentences entered pursuant to Code of Criminal Procedure article 42.08(a), may the
court of appeals disregard in-court statements made by the prosecutor as evidence of
the existence of the prior sentence?


 2. When reviewing the sufficiency of the evidence to support an order cumulating
sentences entered pursuant to Code of Criminal Procedure article 42.08(a), may the
court of appeals disregard partial admissions by the defendant and his attorney that
support the challenged order?


 3. Must the State prove the offense name, date, court, and cause number of the prior
sentence before a trial judge may exercise its discretion to cumulate sentences under
Code of Criminal Procedure article 42.08(a)?


 4. If the court of appeals concludes there is insufficient evidence to support a stacking
order entered under Code of Criminal Procedure article 42.08(a), may the court delete
the order without conducting a harm analysis under appellate rule 44.2(a)?


 5. If the court of appeals concludes there is insufficient evidence to support a stacking
order entered under Code of Criminal Procedure article 42.08(a), is the proper
remedy to delete the cumulation order or remand the case to the trial court for further
proceedings?[ (14)]


 The decision of the Court of Appeals seems to be based solely on the post-verdict record of
the hearing on the "stacking" issue. This, however, ignores other relevant portions of the record. 
These portions of the record contain "some evidence," consisting of admissions by appellant's
lawyer, testimony of Linda Mungaray and M.A., admissions by appellant, and undisputed assertions
by the State, that appellant had been convicted in Gaines County of sexual assault of a child under
the age of fourteen with a sentence of 99 years imposed on September 6, 2001. (15) See Miller, 33
S.W.3d at 262 (elements of "stacking" order can be established by admissions of one party and
undisputed assertions by other party); see also Thieleman v. State, S.W.3d slip op. at 3-5
(Tex.Cr.App. No. PD-1743-04, delivered December 14, 2005) (undisputed assertions by counsel is
some evidence of the fact of occurrence that is being asserted, and these undisputed assertions may
even be held to have been adoptively admitted by the other party if the event about which the
assertions are made "could not have happened without being noticed" and the undisputed assertions
are the kind that would provoke a denial by the opposing party if they were not true). This
constitutes "some evidence" connecting appellant to the Gaines County conviction described in the
trial court's cumulation order. (16)

 The State's failure to present evidence on two elements of the trial court's cumulation
order-specifically, the Gaines County cause and court numbers--does not render the evidence
insufficient to support a finding that appellant is the one who was convicted in the Gaines County
case. In Miller, this Court decided that admissions by the defendant's lawyer that the defendant "was
currently serving 30 years for two prior convictions" (17) were also admissions that the defendant
"indeed had the two prior convictions" set out in the State's motion to cumulate. See Miller, 33
S.W.3d at 262. (18) Similarly, appellant's and his lawyer's admissions together with the other evidence
and information in this record sufficiently establish that appellant had the prior Gaines County
conviction as set out in the trial court's cumulation order. (19)

 The "Court of Appeals's modification of the appellant's sentence is set aside, and the
judgment is otherwise affirmed." See Miller, 33 S.W.3d at 263.


 Hervey, J.


Filed: March 29, 2006

Publish
1. Only cause number F01-75552-I (the aggravated sexual assault of M.A. in Dallas County)
is before this Court in this proceeding. 
2. The cumulation order in the trial court's judgment recites:


 Said judgment, sentence, and term of punishment in the cause shall commence and
run when the sentence in Cause No. 013136, a previous conviction of the defendant
for the offense of Agg. Sex Assault Child/14, in the 106th Judicial District Court of
Gaines County, Texas, has served and has ceased to operate. The sentence in said
prior cause was imposed on September 6, 2001, and was for a term of confinement
in the Inst. Div. Of Texas Dept. Of Crim. Justice for 99 years.


(Underline from original omitted).
3. See Miller v. State, 33 S.W.3d 257, 260 (Tex.Cr.App. 2000) ("some evidence" must connect
a defendant with prior conviction for Article 42.08(a) purposes).
4. Mungaray v. State, Nos. 05-03-00282-CR, 05-03-00384-CR, slip op. at 2-3
(Tex.App.-Dallas, delivered July 27, 2004) (op. on reh'g) (not designated for publication).
5. In its brief, the State cites to a March 24, 2004, El Paso Court of Appeals unpublished
opinion that affirms, among other things, an aggravated sexual assault conviction and 99-year
sentence imposed on September 6, 2001, in the 106th District Court in Gaines County on someone
named "Jorge Luis-Ramirez Mungaray" for an aggravated sexual assault of T.A. See Mungaray v.
State, 2004 Tex. App. LEXIS 2595 (Tex.App.-El Paso, No. 09-01-00505-CR, delivered March 24,
2004) (not designated for publication) (appeal of "Jorge Luis-Ramirez Mungaray"from convictions
of one count of aggravated sexual assault with a 99-year sentence and two counts of indecency with
a child with 20-year sentences on each count), petition for discretionary review refused, In re
Ramirez-Mungaray, 2004 Tex. Crim. App. LEXIS 1413 (Tex.Cr.App., September 15, 2004). These
Gaines County appeals obviously had not been decided at the time of appellant's February 2003
Dallas County trial.
6. In his brief, appellant claims that "[f]or all we know from the record, defense counsel could
have been referring to two cases that were relevant to an issue that counsel anticipated would arise
in [appellant's] Dallas trial" and that "[t]o assume that counsel [was] referring to [appellant's]
convictions on appeal requires engaging in speculation." We disagree and believe that this portion
of the record is sufficient to support a finding that the discussion refers to appellant's appeal of his
convictions in another county. While this alone might not be sufficient to establish appellant's
identity in the Gaines County conviction, it can be considered with any other relevant evidence in
determining whether there is "some evidence" connecting appellant to the Gaines County conviction. 
At the very least, this portion of the record supports a finding that appellant had convictions from
another county on appeal at the time of his February 2003 trial in Dallas County. See Resanovich
v. State, 906 S.W.2d 40, 41-42 (Tex.Cr.App. 1995) (parties' undisputed statements to trial court can
support cumulation order). 
7. This "(sic)" appears in the reporter's record and apparently signifies that Gaines County was
mistakenly referred to as "Seminole County." See The Blue Book (Eighteenth Edition) at 69
(significant mistakes in original should be followed by "[sic]" and otherwise left as they appear in
the original); see also Webster's II New Collegiate Dictionary 1024 (1995) ("sic" is used in written
texts to indicate that a surprising or paradoxical word, phrase or fact is not a mistake and is to be read
as it stands). The State also asserts in its brief that "defense counsel mistakenly referred to Gaines
County as `Seminole' County at least five times during the course of trial, three of which were
corrected by use of the notation 'sic.'" 
8. The trial court's cumulation order recites this as the date that the 99-year sentence in the
Gaines County case was imposed. See Footnote 2. 
9. This "(sic)" appears in the reporter's record. See Footnote 7.
10. This "[sic]" is not in the reporter's record.
11. This "[sic]" is not in the reporter's record.
12. The trial court's judgment, however, reflects that only cause number F01-75552 was stacked
onto the 99-year Gaines County sentence. See also Mungaray, slip op. at 9.
13. The decision of the Court of Appeals states:


 There is no admission by either appellant or his counsel as to the Gaines County
conviction or sentence. There is no reference in the record, other than on the final
judgment, to the cause number of the Gaines County offense. There are no
stipulations, judicial admissions, or other proof of title, date, cause number, or court
number. At most, we have a discussion between the State and the trial judge that
fails to identify the prior conviction by anything other than the county. We conclude,
as the court did in [citation omitted], this is insufficient to establish a connection
between appellant and the prior conviction.


See Mungaray, slip op. at 11. 
14. Due to our disposition of grounds one through three, we find it unnecessary to address
grounds four and five which we dismiss. 
15. The record reflects that appellant's lawyer moved to continue the trial until the disposition
of "two prior cases that [were] on appeal" in another county. Appellant admitted that his cases in
"Seminole County" (sic) were on appeal. When cross-examining Linda Mungaray, appellant's
lawyer referred to appellant's trial in "Seminole County" (sic). When cross-examining M.A.,
appellant's lawyer referred to M.A. testifying at appellant's first trial in "Seminole County" (sic) on
September 6, 2001. During the hearing on the "stacking" issue, the State made the undisputed
assertion that M.A. testified as a punishment witness at this trial. The State also made the
undisputed assertion at this hearing that appellant was sentenced to 99 years in Gaines County for
sexually assaulting T.A. When the trial court stacked appellant's sentence in this case onto the 99
year sentence in the Gaines County case, appellant made no claim that he was not the one convicted
in the Gaines County case. The record further reflects that Gaines County was sometimes mistakenly
referred to as Seminole County. 
16. The Court of Appeals even acknowledged in its opinion that appellant had "been convicted
for sexual assault in Gaines County before his [Dallas County] trial and was assessed a punishment
of confinement for ninety-nine years." See Mungaray, slip op. at 4. 
17. This was also less evidence than that presented in this case. See Miller, 33 S.W.3d at 258
(only evidence of defendant's two prior convictions presented at hearing on State's motion to
cumulate was admission by defendant's lawyer that defendant "was currently serving 30 years for
two prior convictions").
18. In its brief, the State argues:


 In Miller, this Court concluded that Miller's in-court admission that he was "serving
30 years right now" was sufficient to link Miller to the prior convictions mentioned
in the State's motion to cumulate and to support the cumulation order. (Citation
omitted). No other evidence of Miller's two previous convictions or that Miller was
the same person in the two convictions was presented in that case. (Citation
omitted).


 The only practical difference between Miller and this case is that there was a motion
to cumulate filed in Miller that identified the prior convictions by cause number. 
(Citation omitted). But a motion is not evidence. (Citations omitted). And the State
is not required to file a formal motion before a trial judge may cumulate sentences
under article 42.08. Thus, the operative fact in Miller-that Miller admitted to
currently serving a 30-year sentence-is present in this case because Mungaray is
currently serving the 99-year sentence on a conviction that he admitted was being
appealed. [Footnote omitted].


(Emphasis in original). 
19. In any event, since this record contains evidence other than the Gaines County cause and
court numbers connecting appellant to the Gaines County conviction, any failure by the State to
prove the Gaines County cause and court numbers would be relevant only to the sufficiency of the
cumulation order. See Williams v. State, 675 S.W.2d 754, 763-64 (Tex.Cr.App. 1984) (op. on reh'g)
(discussing the five non-mandatory recommended elements of an Article 42.08(a) cumulation order
which might include the cause and court numbers of the prior conviction). We note that, even
without the Gaines County cause and court numbers, the trial court's cumulation order would contain
"sufficient specific information that would allow the Texas Department of Criminal Justice-Institutional Division to identify the prior conviction with the new one." See Miller, 33 S.W.3d at
261; Williams, 675 S.W.2d at 763-64 (cumulation order will be upheld so long as the cumulation
order's description of prior convictions is "substantially and sufficiently specific" to give all
interested parties notice of "exactly which sentences the instant sentence is cumulated with"). It,
therefore, is immaterial in this case that there may be no evidentiary support for the Gaines County
cause and court numbers set out in the cumulation order since the evidence supports the other
elements of the trial court's cumulation order.