NO. 07-08-0385-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 17, 2010

________________________

 

SHANE SEPEDA,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

________________________

 

FROM THE 47TH
DISTRICT COURT OF POTTER COUNTY;

 

NO. 54,125-A;
HONORABLE HAL MINER, JUDGE

_________________________

 

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

            Appellant, Shane Sepeda, appeals the judgment cumulating his sentence for
the offense of possession of a controlled substance with the sentences for
three prior convictions.  Additionally,
appellant contends the trial court erred in assessing court appointed attorney
fees without a hearing to determine his ability to offset the cost of legal
services provided.   We affirm the trial
court=s judgment as reformed.

 

Background 

Appellant
was charged with the commission of the offense of possession of a controlled
substance, methamphetamine, of 4 grams or more but less than 200 grams on or
about August 8, 2006.  Appellant entered
into a plea agreement and was placed on deferred adjudication on July 24,
2007.  In June of 2008, the State filed a
motion to proceed with adjudication alleging five violations.  On September 24, 2008, appellant pled true to
four violations.  The trial court
proceeded to sentence appellant to 20 years in the Institutional Division of
the Texas Department of Criminal Justice (ID-TDCJ).  Additionally, upon the State=s request to cumulate appellant=s sentence, the trial court ordered that
appellant=s sentence was to run consecutive to Aall the other ones.@ Also included in the judgment, the trial
court further ordered that Aany . . . Court Appointed fees . . . be paid
. . . .@  

By
four issues, appellant appeals the trial court=s oral pronouncement of the cumulation of his sentence and the order to pay court
appointed attorney fees without a determination of his ability to pay.  We affirm the judgment as reformed.

Standard of Review

            A cumulation
order must be specific enough that prison authorities know how long to detain
the prisoner.  Stokes
v. State, 688 S.W.2d 539, 540 (Tex.Crim.App.
1985).  For a valid cumulation order, the order must identify: (1) the cause
number of the prior conviction, (2) name of the trial court of the prior
conviction, (3) date of the prior conviction, (4) the term of years of the
prior conviction, and (5) the nature of the prior conviction.  Id. 
Before a judge may exercise his discretion to cumulate, he must be aware
of the prior conviction.  See Miller
v. State, 33 S.W.3d 257, 260 (Tex.Crim.App.
2000).  An admission by a defendant or
counsel is sufficient evidence to link the defendant to the prior
convictions.  Id.
at 262.  A trial court may correct
a cumulation order nunc pro
tunc to add descriptive details of the prior offenses
inadvertently omitted from the trial court=s first cumulation
order.  See Williams v. State,
675 S.W.2d 754, 765 n.6 (Tex.Crim.App.
1984).

In
this matter, the trial court=s oral pronouncement of cumulated sentences
consisted of AI=m going to assess your punishment at 20
years in the institutional division on this case.  And I=m
going to grant the State=s motion
for consecutive sentences.  And
this B case will run consecutive to all the
others.@  However, the trial court, as well as the
participants, was aware of the other cases being discussed.  In fact, earlier in the proceeding, the trial
court stated, ALet me make this observation. . . .  I presided over the jury trial that everyone
was talking about here . . .  and I
presided yesterday over the two Motions to Revoke the
probation that were heard yesterday in Canyon.@ 
Additionally, during closing argument, appellant=s trial counsel pointed out, ABecause of the Court=s action in Cause No. 57,621-A and in Cause
No. 19,028-A yesterday and 18,832 yesterday in Randall County, . . .@ it appears clear that all the participants
understood which Aother cases@ the trial court was referring to.   This situation is very similar to Mungaray v. State wherein the trial court
cumulated the appellant=s sentence after learning that he had been
sentenced in another county but failed to orally specify the prior conviction
sufficiently.  See Mungaray v. State, 188
S.W.3d 178, 182 (Tex.Crim.App. 2006).  In Mungaray,
the trial court cumulated the defendant’s sentences by ordering the sentences
to “run consecutively with the 99-year sentence imposed in Gains [sic] County,
Texas, arising out of the same criminal episode.”  Id. 
Although, in Mungaray, the Court of Appeals
decided that the evidence was insufficient to establish a connection between
the defendant and the prior conviction because of the lack of proof of date or
cause number, the Texas Court of Criminal Appeals, in considering all the
relevant portions of the record, concluded that the failure of the State to
present evidence of two of the elements necessary in a cumulation
order does not render the evidence insufficient to support the trial court’s cumulation order.   Id. at 184. Although appellant disagrees with the
State’s contention that an oral cumulation order can
be sufficient under “the totality of the circumstances,” we conclude that case
law supports this proposition.  In fact,
the case law cited by appellant demonstrates that the requirements for a cumulation order are not absolutes and that a cumulation order not setting out all the requirements may,
in some circumstances, be valid.  See
Ex parte San Migel, 973 S.W.2d 310, 311 (Tex.Crim.App. 1998); see also Mungaray,
188 S.W.3d at 184.  Since the record,
taken as a whole, demonstrates that all parties were aware of the prior
convictions being considered for cumulative purposes, we conclude that the
evidence is sufficient to support the oral pronouncement of the cumulation of appellant’s sentence.[1]  Therefore, we conclude that, because the
evidence is sufficient, the trial court did not abuse its discretion to
cumulate appellant’s sentence.  See
Stokes, 688 S.W.2d at 540 (discretion to cumulate sentences is given to
the trial court).

Court
Appointed Attorney Fees

Next,
appellant contends that the trial court erred in assessing court appointed
attorney fees.   Specifically, appellant
contends that the trial court failed to make a determination of appellant’s
ability to offset the costs of the legal services provided.  See Tex.
Code Crim. Proc. Ann. art.
26.05(g) (Vernon Supp. 2009).  Additionally, appellant contends that the
trial court further failed to declare the precise amount of the court appointed
attorney fees owing during its oral pronouncement at sentencing or in the
written judgment.  Thus, appellant
requests that the portion of the judgment ordering court appointed attorney
fees be stricken.

As
support for his position, appellant cites Mayer v. State, 278 S.W.3d
898, 901 (Tex.App.--Amarillo 2008, pet. ref’d) and Burke v. State, 261 S.W.3d 438, 439 (Tex.App.--Austin 2008, no pet.).  However, as Burke points out, attorney
fee awards are not punishment and need not be pronounced orally at
sentencing.  See Burke 261
S.W.3d at 438; see also Weir v. State, 278 S.W.3d 364, 367 (Tex.Crim.App. 2009). 
Thus, we will focus our discussion on appellant’s contention that the
judgment did not contain a specified amount for attorney fees.

            Initially, we note that neither Mayer
nor Burke involved a defendant being placed on community supervision
before being convicted.   In the instant
case, appellant was placed on deferred adjudication for four years.  Contained in the Order Deferring Adjudication
and Placing Defendant on Community Supervision, filed with the clerk on August
7, 2007, the trial court deferred further proceedings and stated that “Said
community supervision and suspension of further proceedings shall be
conditioned that the defendant during the entirety of the term of community
supervision shall: . . . pay the following costs .  .  . including Court Appointed Attorney Fee . . . .”  Contained in the clerk’s record, also dated
August 7, 2007, is a bill of costs setting out the court appointed attorney
fees as $2300.00.  We noted that the
clerk’s record does not indicate nor has appellant contended that he appealed
the order deferring adjudication.

            However, in comparing the bill of
costs in August 2007 with the bill of costs filed concurrently with the final
judgment in June 2008, the two differences noted between the two bills of costs
are an increase in sheriff fees (presumably for the issuance of a capias in conjunction with the motion to proceed on
adjudication) and an $1100 increase to court appointed attorney fees.  The increase in attorney fees is consistent
with two Attorney Fees Expense Claim forms filed by appellant’s attorney on
September 3, 2008 and September 24, 2008, the date on which appellant pled true
during the motion to proceed on adjudication. 
The bill of costs in August 2007 contained court appointed attorney fees
of $2300 which correspond to the legal work of attorneys involved with a
mistrial on March 8, 2007, and guilty plea in July 2007, at which time appellant
was placed on deferred adjudication community supervision.   Since no timely notice of appeal was filed
regarding the lack of determination of appellant’s ability to pay court
appointed attorney fees as ordered in the Order Deferring Adjudication, see
Tex. Code Crim. Proc.
Ann. art. 26.05(g)  (Vernon Supp. 2009) (the court shall order
the defendant to pay [the cost of legal services provided] during the pendency
of the charges), we conclude that the portion of court appointed attorney fees
ordered paid at the time appellant was placed on deferred adjudication
community supervision is not subject to our jurisdiction.  See Olivo
v. State, 918 S.W.2d 519, 523  (Tex.Crim.App.
1996) (a defective attempt to perfect appeal fails
to invoke the jurisdiction of the appellate court who must then dismiss the
matter).   Therefore, we dismiss
appellant’s complaint as it relates to the repayment of court appointed
attorney fees for services rendered prior to the issuances of the Order Deferring
Adjudication.   

            As for the remaining portion of
attorney fees, we agree with appellant that the court failed to make a
determination of appellant’s ability to offset, in part or in whole, the costs
of legal services provided in the proceeding involving the adjudication of
appellant.[2]  We, therefore, reform the judgment to remove
the assessment of court appointed attorney fees assessed during the
adjudication proceedings which was determined to be $1,100.00.  Therefore, in accordance with the Bill of Costs
minus the $1,100 court appointed attorney fees incurred for legal services
provided to appellant after the Order Deferring Adjudication, we conclude that
the correct amount of the bill of costs to be $2,672.74, to be reflected in the
judgment as follows:

IT
IS FURTHER ORDERED that any Fine, Court Costs, Court Appointed Attorney fees,
and Time Payment fee (if applicable) as ordered in the amount of $2,672.74 herein be paid as follows:

 

 

Conclusion

Having
overruled appellant’s first issue and partially overruling his second issue, we
affirm the judgment as modified.        

 

Mackey K. Hancock

    Justice

 

 

 

Do not
publish.  

 

 

 

 











                [1] We
note that appellant does not raise any issues with the written cumulation order contained within the judgment which
contains all five elements necessary for a valid cumulation
order.  See Stokes, 688 S.W.2d at 540.

 





[2]  The State contends that the
court appointed attorney fees should be upheld because appellant “will likely
receive funds for work while imprisoned, which will be placed in a trust fund.”
While this fact may be true, the clerk’s record does not provide any evidence
that the trial court made any such findings at the time of sentencing.