NO. 07-08-0385-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 17, 2010
_____

SHANE SEPEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,125-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Shane Sepeda, appeals the judgment cumulating his sentence for the offense of possession of a controlled substance with the sentences for three prior convictions. Additionally, appellant contends the trial court erred in assessing court appointed attorney fees without a hearing to determine his ability to offset the cost of legal services provided. We affirm the trial court's judgment as reformed.

Background

Appellant was charged with the commission of the offense of possession of a controlled substance, methamphetamine, of 4 grams or more but less than 200 grams on or about August 8, 2006. Appellant entered into a plea agreement and was placed on deferred adjudication on July 24, 2007. In June of 2008, the State filed a motion to proceed with adjudication alleging five violations. On September 24, 2008, appellant pled true to four violations. The trial court proceeded to sentence appellant to 20 years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Additionally, upon the State's request to cumulate appellant's sentence, the trial court ordered that appellant's sentence was to run consecutive to "all the other ones." Also included in the judgment, the trial court further ordered that "any . . . Court Appointed fees . . . be paid . . . ."

By four issues, appellant appeals the trial court's oral pronouncement of the cumulation of his sentence and the order to pay court appointed attorney fees without a determination of his ability to pay. We affirm the judgment as reformed.

Standard of Review

A cumulation order must be specific enough that prison authorities know how long to detain the prisoner. Stokes v. State, 688 S.W.2d 539, 540 (Tex.Crim.App. 1985). For a valid cumulation order, the order must identify: (1) the cause number of the prior conviction, (2) name of the trial court of the prior conviction, (3) date of the prior conviction, (4) the term of years of the prior conviction, and (5) the nature of the prior

2

conviction. Id. Before a judge may exercise his discretion to cumulate, he must be aware of the prior conviction. See Miller v. State, 33 S.W.3d 257, 260 (Tex.Crim.App. 2000). An admission by a defendant or counsel is sufficient evidence to link the defendant to the prior convictions. Id. at 262. A trial court may correct a cumulation order nunc pro tunc to add descriptive details of the prior offenses inadvertently omitted from the trial court's first cumulation order. See Williams v. State, 675 S.W.2d 754, 765 n.6 (Tex.Crim.App. 1984).

In this matter, the trial court's oral pronouncement of cumulated sentences consisted of "I'm going to assess your punishment at 20 years in the institutional division on this case. And I'm going to grant the State's motion for consecutive sentences. And this – case will run consecutive to all the others." However, the trial court, as well as the participants, was aware of the other cases being discussed. In fact, earlier in the proceeding, the trial court stated, "Let me make this observation. . . . I presided over the jury trial that everyone was talking about here . . . and I presided yesterday over the two Motions to Revoke the probation that were heard yesterday in Canyon." Additionally, during closing argument, appellant's trial counsel pointed out, "Because of the Court's action in Cause No. 57,621-A and in Cause No. 19,028-A yesterday and 18,832 yesterday in Randall County, . . ." it appears clear that all the participants understood which "other cases" the trial court was referring to. This situation is very similar to Mungaray v. State wherein the trial court cumulated the appellant's sentence after learning that he had been sentenced in another county but failed to orally specify the prior conviction sufficiently. See Mungaray v. State, 188 S.W.3d 178, 182 (Tex.Crim.App. 2006). In Mungaray, the trial court cumulated the

3

defendant's sentences by ordering the sentences to "run consecutively with the 99-year sentence imposed in Gains [sic] County, Texas, arising out of the same criminal episode." Id. Although, in Mungaray, the Court of Appeals decided that the evidence was insufficient to establish a connection between the defendant and the prior conviction because of the lack of proof of date or cause number, the Texas Court of Criminal Appeals, in considering all the relevant portions of the record, concluded that the failure of the State to present evidence of two of the elements necessary in a cumulation order does not render the evidence insufficient to support the trial court's cumulation order. Id. at 184. Although appellant disagrees with the State's contention that an oral cumulation order can be sufficient under "the totality of the circumstances," we conclude that case law supports this proposition. In fact, the case law cited by appellant demonstrates that the requirements for a cumulation order are not absolutes and that a cumulation order not setting out all the requirements may, in some circumstances, be valid. See Ex parte San Migel, 973 S.W.2d 310, 311 (Tex.Crim.App. 1998); see also Mungaray, 188 S.W.3d at 184. Since the record, taken as a whole, demonstrates that all parties were aware of the prior convictions being considered for cumulative purposes, we conclude that the evidence is sufficient to support the oral pronouncement of the cumulation of appellant's sentence.[1] Therefore, we conclude that, because the evidence is sufficient, the trial court did not abuse its discretion to cumulate appellant's sentence. See Stokes, 688 S.W.2d at 540 (discretion to cumulate sentences is given to the trial court).

---

[1] We note that appellant does not raise any issues with the written cumulation order contained within the judgment which contains all five elements necessary for a valid cumulation order. See Stokes, 688 S.W.2d at 540.

Court Appointed Attorney Fees

Next, appellant contends that the trial court erred in assessing court appointed attorney fees. Specifically, appellant contends that the trial court failed to make a determination of appellant's ability to offset the costs of the legal services provided. See TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon Supp. 2009). Additionally, appellant contends that the trial court further failed to declare the precise amount of the court appointed attorney fees owing during its oral pronouncement at sentencing or in the written judgment. Thus, appellant requests that the portion of the judgment ordering court appointed attorney fees be stricken.

As support for his position, appellant cites Mayer v. State, 278 S.W.3d 898, 901 (Tex.App.--Amarillo 2008, pet. ref'd) and Burke v. State, 261 S.W.3d 438, 439 (Tex.App.--Austin 2008, no pet.). However, as Burke points out, attorney fee awards are not punishment and need not be pronounced orally at sentencing. See Burke 261 S.W.3d at 438; see also Weir v. State, 278 S.W.3d 364, 367 (Tex.Crim.App. 2009). Thus, we will focus our discussion on appellant's contention that the judgment did not contain a specified amount for attorney fees.

Initially, we note that neither Mayer nor Burke involved a defendant being placed on community supervision before being convicted. In the instant case, appellant was placed on deferred adjudication for four years. Contained in the Order Deferring Adjudication and Placing Defendant on Community Supervision, filed with the clerk on August 7, 2007, the trial court deferred further proceedings and stated that "Said community supervision and suspension of further proceedings shall be conditioned that

5

the defendant during the entirety of the term of community supervision shall: . . . pay the following costs . . . including Court Appointed Attorney Fee . . . ." Contained in the clerk's record, also dated August 7, 2007, is a bill of costs setting out the court appointed attorney fees as $2300.00. We noted that the clerk's record does not indicate nor has appellant contended that he appealed the order deferring adjudication.

However, in comparing the bill of costs in August 2007 with the bill of costs filed concurrently with the final judgment in June 2008, the two differences noted between the two bills of costs are an increase in sheriff fees (presumably for the issuance of a capias in conjunction with the motion to proceed on adjudication) and an $1100 increase to court appointed attorney fees. The increase in attorney fees is consistent with two Attorney Fees Expense Claim forms filed by appellant's attorney on September 3, 2008 and September 24, 2008, the date on which appellant pled true during the motion to proceed on adjudication. The bill of costs in August 2007 contained court appointed attorney fees of $2300 which correspond to the legal work of attorneys involved with a mistrial on March 8, 2007, and guilty plea in July 2007, at which time appellant was placed on deferred adjudication community supervision. Since no timely notice of appeal was filed regarding the lack of determination of appellant's ability to pay court appointed attorney fees as ordered in the Order Deferring Adjudication, see Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon Supp. 2009) (the court shall order the defendant to pay [the cost of legal services provided] during the pendency of the charges), we conclude that the portion of court appointed attorney fees ordered paid at the time appellant was placed on deferred adjudication community supervision is not subject to our jurisdiction. See Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App.

1996) (a defective attempt to perfect appeal fails to invoke the jurisdiction of the appellate court who must then dismiss the matter). Therefore, we dismiss appellant's complaint as it relates to the repayment of court appointed attorney fees for services rendered prior to the issuances of the Order Deferring Adjudication.

As for the remaining portion of attorney fees, we agree with appellant that the court failed to make a determination of appellant's ability to offset, in part or in whole, the costs of legal services provided in the proceeding involving the adjudication of appellant.[2] We, therefore, reform the judgment to remove the assessment of court appointed attorney fees assessed during the adjudication proceedings which was determined to be $1,100.00. Therefore, in accordance with the Bill of Costs minus the $1,100 court appointed attorney fees incurred for legal services provided to appellant after the Order Deferring Adjudication, we conclude that the correct amount of the bill of costs to be $2,672.74, to be reflected in the judgment as follows:

> *IT IS FURTHER ORDERED that any Fine, Court Costs, Court Appointed Attorney fees, and Time Payment fee (if applicable) as ordered **in the amount of $2,672.74** herein be paid as follows:*

---

[2] The State contends that the court appointed attorney fees should be upheld because appellant "will likely receive funds for work while imprisoned, which will be placed in a trust fund." While this fact may be true, the clerk's record does not provide any evidence that the trial court made any such findings at the time of sentencing.

7

## Conclusion

Having overruled appellant's first issue and partially overruling his second issue, we affirm the judgment as modified.

Mackey K. Hancock
Justice

Do not publish.