**Opinion issued August 27, 2013.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-12-00719-CR**

————————————

**PRESTON WAYNE LEE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 23rd Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case No. 67269**

**MEMORANDUM OPINION**

A jury convicted Preston Wayne Lee of possession of methamphetamine in an amount of more than one, but less than four, grams. The jury assessed

punishment at three years in prison. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115 (West 2010). The State moved to stack Lee's prison sentence with a five-year term from a conviction that the trial court imposed before the trial of this cause. On appeal, Lee contends that (1) the evidence is insufficient to support Lee's conviction for possession of methamphetamine; (2) the trial court erred in denying Lee's motion to suppress evidence obtained from a search warrant; and (3) the trial court erred in granting the State's motion to stack sentences. Finding no error, we affirm.

## Background

Oyster Creek Police Department Officer R. Gonzalez received several complaints from Lee's neighbors about heavy traffic at Lee's home. Officer Gonzalez conducted surveillance of the home and sent a confidential informant to attempt to buy methamphetamine at the home.

The informant successfully purchased methamphetamine from Lee's girlfriend, Kira Campbell, who also resided at the home. Officer Gonzalez filed an affidavit and secured a warrant to search the home. The affidavit identified Campbell as the individual suspected of possession of a controlled substance, and named both Campbell and Lee as suspects.

When Officer Gonzalez arrived at the residence, he found Lee and Campbell at home. Officer Gonzalez informed them of the warrant and read them their

*Miranda* warnings. A female officer searched Campbell and found two plastic sandwich bags containing methamphetamine in her right front pocket. Officer Gonzalez then questioned Lee, who told him that the rest of the methamphetamine was in the bedroom. They headed for the bedroom, where Lee pointed Officer Gonzalez toward several zippered pouches that contained methamphetamine, as well as a safe that Lee identified as belonging to him. Lee removed the key for the safe from his key ring and handed it to Officer Gonzalez. Officer Gonzalez opened the safe and found various drug paraphernalia, including a shot glass that contained methamphetamine residue. The police did not discover any narcotics on Lee's person.

In all, the officers collected five plastic bags of methamphetamine from the house. The drug paraphernalia they collected included a pipe, a scale, a butane lighter, a playing card, and hypodermic syringes—all of which were consistent with methamphetamine use. Field tests revealed that the bags contained methamphetamine. Later lab tests confirmed those results. The bags' contents amounted to a total of 2.9655 grams of methamphetamine. One bag weighed 2.3918 grams, and the remaining bags weighed less than 0.3 grams each.

Lee testified in his own defense. He admitted that he transported Campbell to Lake Jackson to purchase the methamphetamine found at the residence. Lee also admitted that he had used methamphetamine, supplied by Campbell, in the week

3

before the search. Lee's brother also testified that Lee knowingly kept drugs in the house even though his teenage children lived with him.

In January 2010, Lee pleaded guilty to driving while intoxicated, and received seven years' probation. The State later moved to revoke Lee's probation. Lee pleaded true to violating some terms of his probation, but not to this drug possession charge. The trial court revoked his probation and assessed punishment at five years' imprisonment.

## Discussion

### I.   Motion to Suppress

Lee claims that the trial court erred in denying his motion to suppress the evidence obtained through executing the search warrant, contending that Officer Gonzalez's affidavit does not provide probable cause to support the search warrant. Specifically, Lee contends that the affidavit does not identify evidence that supports Gonzalez's statement that the confidential informant was credible and reliable, and observes that the informant purchased narcotics only from Campbell and not from Lee.

### A. *Standard of Review*

We apply a bifurcated standard of review, deferring to the trial court's determination of historical facts, while reviewing de novo the court's application of the law. *See Dyar v. State*, 125 S.W.3d 460, 462 (Tex. Crim. App. 2003). In a

hearing on a motion to suppress, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Foster v. State*, 101 S.W.3d 490, 495 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

In determining whether an affidavit contains probable cause to support the issuance of a search warrant, the trial court is constrained to the four corners of the affidavit; it does not make credibility determinations. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). We apply a deferential standard of review to the decision to issue a warrant, because the constitution prefers for searches to be conducted pursuant to a warrant, as opposed to a warrantless search. *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004) (citing *Illinois v. Gates*, 462 U.S. 213, 234–37, 103 S. Ct. 2317, 2330–32 (1983)). If the trial court has a substantial basis for concluding that probable cause exists, we should uphold its probable cause determination. *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331.

The facts set forth in an affidavit filed in support of the issuance of a search warrant must show a fair probability that the search will result in discovery of the suspected contraband on the premises. *State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012). Information about a controlled purchase in an affidavit can support a reasonable inference that additional drugs are present at the location,

even if the informant fails to see them. *See State v. Griggs*, 352 S.W.3d 297, 303–04 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd)

*B. Analysis*

Lee challenges Officer Gonzalez's reliance on a confidential informant as support for a search warrant. Officer Gonzalez received a tip that methamphetamine had been sold out of Lee's residence and that Campbell was involved. He received this information from an informant who had provided true information in previous investigations. An informant's history of providing reliable information can support a police officer's conclusion that the informant is reliable. *See Capistran*, 759 S.W.2d at 128; *Blake*, 125 S.W.3d at 726.

Lee responds that no evidence demonstrates that the informant had provided information in the past that had resulted in any convictions. This contention conflates reliable information with convictable information. *See Blake*, 125 S.W.3d at 726. Information or evidence can be true, even if the information does not lead to a conviction. *See id*.

In addition, the affidavit states that the informant bought methamphetamine from Campbell on more than one occasion, while officers watched the residence. The controlled purchases, coupled with the facts set forth in the search warrant, show a fair probability that a search would result in the discovery of contraband on the suspected premises. *See Duarte*, 389 S.W.3d at 354. Because sufficient

probable cause exists to support the search warrant, we hold that the trial court did not err in denying Lee's motion to suppress.

## II.    Sufficiency of the Evidence

Lee maintains that insufficient evidence exists to support his conviction for possession of methamphetamine in an amount of more than one, but less than four grams.

### A. Standard of Review

We review legal and factual sufficiency challenges using the same standard of review. *Ervin v. State,* 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *In re Winship,* 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State,* 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Viewed in the light most favorable to the verdict, the evidence is insufficient under this standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson,* 443 U.S. at

314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *Laster,* 275 S.W.3d at 518; *Williams,* 235 S.W.3d at 750. Additionally, the evidence is insufficient as a matter of law if the acts alleged do not constitute the criminal offense charged. *Williams,* 235 S.W.3d at 750.

An appellate court considers the combined and cumulative force of all the evidence, viewed in the light most favorable to the verdict, to determine whether the necessary inferences have a reasonable basis in the evidence. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State,* 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence can be sufficient to establish guilt. *Id.* We presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *See Jackson,* 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton,* 235 S.W.3d at 778.

### B. *Possession of a controlled substance*

Lee challenges the jury's findings that he exercised control, management, or care over the substance; he contends that Campbell possessed the methamphetamine weighing between one and four grams.

In prosecuting a defendant for possession of a controlled substance, the State must prove that (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the substance possessed was contraband.

*Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *see* TEX. HEALTH &

SAFETY CODE ANN. § 481.115 (West 2010). A defendant's presence at the location

where drugs are found is not enough to establish that the defendant had care,

custody, or control of the drugs. *Evans*, 202 S.W.3d at 161–62. But the State need

not prove that the defendant had exclusive possession; joint possession is enough

to establish the defendant's actual care, custody, or control of the drugs.

*McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1987); *Hubert v.

State*, 312 S.W.3d 687, 691–92 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

For either joint or sole possession, the State must prove, however, that a link exists

between the defendant and the drugs. *Id.* Evidence of an affirmative link may

include:

> (1) the defendant's presence when a search is conducted; (2) whether
> the contraband was in plain view; (3) the defendant's proximity to and
> the accessibility of the narcotic; (4) whether the defendant was under
> the influence of narcotics when arrested; (5) whether the defendant
> possessed other contraband or narcotics when arrested; (6) whether
> the defendant made incriminating statements when arrested;
> (7) whether the defendant attempted to flee; (8) whether the defendant
> made furtive gestures; (9) whether there was an odor of contraband;
> (10) whether other contraband or drug paraphernalia were present;
> (11) whether the defendant owned or had the right to possess the place
> where the drugs were found; (12) whether the place where the drugs
> were found was enclosed; (13) whether the defendant was found with
> a large amount of cash; and (14) whether the conduct of the defendant
> indicated a consciousness of guilt.

*Evans*, 202 S.W.3d at 162 n.12. The logical force of all of the evidence, rather than

the number of links, is dispositive to show possession. *Id.* at 162.

9

*C. Analysis*

Several pieces of evidence link Lee to the methamphetamine found in his home, demonstrating that his presence when the police discovered the drugs was more than fortuitous. *See id.* at 161–62. Lee voluntarily showed Officer Gonzalez the methamphetamine and drug paraphernalia in the bedroom safe. Lee admitted that had he used methamphetamine a week before execution of the search warrant, and that he drove Campbell to purchase more methamphetamine in Lake Jackson. Lee's brother testified that Lee knowingly kept drugs in the house while his children were present. Lee was the legal resident of the home where the drugs were found. Also, drug paraphernalia was present at the scene, and Lee possessed the key to the safe.

Lee contends that the officer failed to separate the bags containing methamphetamine in the safe from those found on Campbell's person, and the record shows that one bag was disproportionately heavier than the other four bags. However, a rational factfinder could have concluded that Lee jointly possessed the methamphetamine in the house, including the methamphetamine on Campbell's person. Lee's admission that he had used methamphetamine within the past week, that Campbell supplied the methamphetamine, and that he drove Campbell to purchase drugs is enough to support the inference that the methamphetamine was

within his care, custody, and control and that he knew she had the drug on her person. *See id.*

Viewed in favor of the jury verdict, we hold that sufficient evidence supports the jury's finding that Lee knowingly possessed between one and four grams of methamphetamine.

## III. Motion to Run Sentences Consecutively

Finally, Lee contends that the trial court erred in granting the State's motion to stack sentences because the State failed to provide evidence of Lee's earlier conviction for felony driving while intoxicated.

### A. Standard of Review

Texas statute confers the discretion to cumulate sentences to the trial courts. *See* TEX. CODE. CRIM. PROC. ANN. art. 42.08 (West 2006). Like the assessment of an individual punishment, a trial court's decision to cumulate under article 42.08(a) is "a normative, discretionary function that does not turn on discrete findings of fact." *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006). If a trial court's lawfully exercises the option to cumulate, that decision is unassailable on appeal. *Id.* at 381. But when a trial court unlawfully orders cumulation in a case that did not involve a negotiated plea agreement, the appellate court should reform the judgment by deleting the order. *Beedy v. State*, 250 S.W.3d 107, 110 (Tex. Crim. App. 2008).

## B. *Proof to support cumulation*

To support a motion to stack sentences, the State must provide both evidence of an earlier conviction and evidence that the defendant's identity is the same as the person previously convicted. *Barela v. State*, 180 S.W.3d 145, 148 (Tex. Crim. App. 2005). A trial court must be aware of a defendant's prior conviction before it exercises its discretion to cumulate. *Miller v. State*, 33 S.W.3d 257, 260 (Tex. Crim. App. 2000). The State may establish these facts in a variety of ways, such as through live testimony, admissions, and oral stipulations. *Montgomery v. State*, 876 S.W.2d 414, 416 (Tex. App.—Austin 1994, pet. ref'd) (per curiam); *see also Mungaray v. State*, 188 S.W.3d 178, 183 (Tex. Crim. App. 2006) (holding that admissions by appellant and her lawyer and undisputed admissions by the State was enough evidence to connect appellant to prior conviction and support a trial court's cumulation order).

## C. *Analysis*

Lee testified during trial that he had a prior DWI conviction, for which he was placed on probation in February 2010. The State proffered a certified copy of the DWI judgment, the felony supervision order, and the criminal court docket entries to corroborate this testimony. Lee further testified that his probation was revoked before trial in this case, and that, at the revocation proceeding, the trial court assessed his punishment at five years' imprisonment. Although the criminal

court docket entry does not contain the date that the court assessed Lee's punishment, Lee's testimony demonstrates that the DWI sentence preceded the imposition of his three-year sentence for possession of a controlled substance. Moreover, Lee's trial counsel reminded the trial court that it had presided over Lee's revocation proceeding earlier in the week and had imposed the five-year sentence. *See Mungaray*, 188 S.W.3d at 183. Because the record contains sufficient evidence of Lee's prior conviction, we hold that the trial court did not err in granting the State's motion to stack sentences.

 

Jane Bland
Justice

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).