In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00291-CR**
**NO. 09-21-00292-CR**

_____

**BAXTER BARTHADOMUS TOLLIVER JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 260th District Court**
**Orange County, Texas**
**Trial Cause Nos. D200054-R, D210216-R**

_____

**MEMORANDUM OPINION**

Appellant Baxter Barthadomus Tolliver Jr.[1] challenges the trial court's

stacking his punishment in the two judgments from which he appeals. In Trial Court

Cause Number D200054-R Tolliver was convicted of aggravated assault. Tex. Penal

Code Ann. § 22.02(a)(2). In Trial Court Cause Number D210216-R, he was

---

[1] Appellant's middle name is sometimes spelled "Barthodamus" in the appellate record.

convicted of being a felon in possession of a firearm. Tex. Penal Code Ann. § 46.04(e). In both cases, the trial court ordered Tolliver's sentences to begin running after he completed serving his five-year sentence on another case on which he had already been convicted, Trial Court Cause Number D210177-R, a judgment pronounced in the 260th District Court of Orange County, Texas on July 15, 2021. Tolliver argues the stacking orders should be overturned because the State failed to prove he was the same person convicted in the case on which the two convictions from which he appeals were stacked, his conviction in Trial Court Cause Number D210177-R. We affirm.

## I. Background

The trial court sentenced Tolliver on his convictions for aggravated assault and for possessing a firearm as a felon on September 1, 2021, seven weeks after sentencing him to a five-year term in Trial Court Cause Number D210177-R. The record shows a presentence investigation report was prepared in Trial court Cause Number D210177-R, and the Reporter's Record from the consolidated sentencing hearing the trial court conducted on Tolliver's convictions for aggravated assault and for possessing a firearm was before the court in the hearing.

During the consolidated sentencing hearing, the trial court not only asked both counsel whether they needed to add to or object to the content of that report, which they did not, it sought and obtained counsel's agreement that it was unnecessary to

2

prepare a new report. In addition, the trial court read portions of the report into the record, commented on Tolliver's "escalating pattern of violence," and asked Tolliver whether the passages in question were excerpted from "the presentence investigation report for the first case you have, Mr. Tolliver." Tolliver answered: "Yes, sir."

At no time during the sentencing hearing did Tolliver's counsel suggest that the presentence investigation report discussed in the hearing concerned a person other than Tolliver. To the contrary, Tolliver's counsel told the trial court: "We've had a hearing previous to this date, which is why the Court has not ordered a new P.S.I. So, we would again rest on that P.S.I. and in the testimony that was elected in that particular hearing from Mr. Tolliver's aunt."

## II. Standard of Review

The legislature has given trial courts the discretion to cumulate a defendant's sentence. *See* Tex. Code. Crim. Proc. Ann. art. 42.08(a). Like the assessment of an individual punishment, a trial court's decision to cumulate under article 42.08(a) is "a normative, discretionary function that does not turn on discrete findings of fact." *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006). If a trial court lawfully exercises the option to cumulate, that decision is unassailable on appeal. *Id.* at 381. But when a trial court unlawfully orders cumulation in a case that did not involve a negotiated plea agreement, the appellate court should reform the judgment by deleting the order. *Beedy v. State*, 250 S.W.3d 107, 110 (Tex. Crim. App. 2008).

3

### III. Analysis

As Tolliver has correctly noted, ordering a new sentence to run consecutive to a previous sentence requires evidence of the earlier conviction and evidence that the defendant's identity is the same as the person previously convicted. *See Barela v. State,* 180 S.W.3d 145, 148 (Tex. Crim. App. 2005). That evidence, however, need not take the form of certified documents bearing the defendant's fingerprints; instead, it may consist of undisputed statements of the parties' attorneys and the defendant's admissions. *See Mungaray v. State*, 188 S.W.3d 178, 183-84 (Tex. Crim. App. 2006).

In *Mungaray*, our Court of Criminal Appeals reinstated the trial court's judgment imposing consecutive sentences, holding that despite the State's failure to present evidence as to the cause and court numbers, the "appellant's and his lawyer's admissions together with the other evidence and information in [the] record sufficiently establish that appellant had the prior . . . conviction as set out in the trial court's cumulation order." *Id.* Here, as in *Mungaray*, the evidence is sufficient to show that Tolliver is the person convicted in Trial Court Cause Number D210177-R, the previous judgment on which the judgments Tolliver appeals are stacked. Not only did Tolliver fail to dispute that he was the person convicted in Trial Court Cause D210177-R when the trial court pronounced the stacked sentences, he relied on the

same presentence investigation report prepared in the sentencing hearing in the 260th District Court just weeks earlier in that cause.

Because the trial court had before it "some evidence that link[ed] [Appellant] to the prior conviction[,]" the trial court did not err in issuing its cumulation order. *See* Tex. Code. Crim. Proc. Ann. art. 42.08(a); *Miller v. State,* 33 S.W.3d 257, 261 (Tex. Crim. App. 2000).

Tolliver's sole point of error is overruled.

## IV. Conclusion

Because the evidence before the trial court was sufficient to establish that Appellant was the same person who previously was convicted in cause number D210177-R in the 260th District Court of Orange County, Texas, the trial court's cumulation orders are supported by sufficient evidence. The trial court's judgments are

AFFIRMED.

_____
JAY WRIGHT
Justice

Submitted on September 22, 2022
Opinion Delivered April 12, 2023
Do Not Publish

Before Horton, Johnson and Wright, JJ.

5