Roger Merritt **THIELEMAN,**
**Appellant,**

v.

**The STATE of Texas.**

**No. PD–1743–04.**

Court of Criminal Appeals of Texas,
En Banc.

Dec. 14, 2005.

Jeff. Kearney, Fort Worth, for appellant.

Charles M. Mallin, Asst. Crim. Atty., Fort Worth, Matthew Paul, State's Atty., Austin, for state.

## *OPINION*

JOHNSON, J., delivered the opinion of a unanimous Court.

A jury convicted appellant of aggravated assault with a deadly weapon and sentenced him to life imprisonment in the Texas Department of Criminal Justice–Correctional Institutions Division. The court of appeals affirmed the judgment and sentence. *Thieleman v. State,* No. 2–03–141–CR, 2004 WL 2201773 (Tex.App.-Fort Worth, delivered September 30, 2004)(unpublished). We granted review of appellant's second issue.

During the guilt phase of trial, appellant moved for a mistrial because of a purportedly sleeping juror.

> [APPELLANT'S ATTORNEY]: Okay. Judge, we'd like to move for mistrial because there's a jury [sic] that's slept continuously—a juror that has slept continuously throughout the trial.
>
> [THE COURT]: All right. Is that all you have to offer on it?
>
> [APPELLANT'S ATTORNEY]: On my motion for mistrial with the sleeping juror. It's the lady that was seated in the third seat.
>
> [THE COURT]: I don't know who you're talking about. They all sit in different places every time.
>
> [APPELLANT'S ATTORNEY]: The young girl with the red blond hair.
>
> [THE COURT]: All right. Overruled. All right. What else now?

> [APPELLANT'S ATTORNEY]: That's it for the record.

On appeal, appellant raised a point of error asking if the trial court had "abuse[d] its discretion by denying [his] requested mistrial where the uncontroverted evidence in the record established that a juror had 'slept continuously throughout the trial'?"[1] The court of appeals concluded that the trial judge was unaware of which juror defense counsel alleged was sleeping, or whether the juror was actually asleep, and that the only item before the trial court on the mistrial motion was the statement of counsel. *Thieleman, supra,* slip op. at 4. It then held that argument of counsel is not evidence and that "[a]ppellant's trial counsel's statement that a juror was sleeping presents no evidence of the matter." *Id.* It also pointed out that no testimony was developed or requested on this issue and that nothing further was proffered; appellant neither proffered the name of the juror nor called as a witness that juror or anyone else who had been present in the courtroom to testify that the juror had, in fact, been asleep. *Id.,* slip op. at 4–5. It also stated, "It was incumbent upon [a]ppellant's trial counsel to develop the record for the trial court in order to clarify which specific juror counsel was referencing, and to determine if that juror was sleeping." *Id.* The court of appeals ultimately overruled that point of error because it held that the error was not properly preserved for appellate review. *Id.,* slip op. at 5.

We granted review of appellant's second ground; "Are uncontroverted unobjected to statements of counsel about occurrences in the courtroom 'evidence' of those occurrences which can be considered on appeal?" We find that such statements

---

1. We observe that appellant's brief before the court of appeals also raised that point using slightly different wording; "The trial court abused its discretion by denying appellant's request for a mistrial because a juror was sleeping through the trial."

may be some evidence that the event occurred and may, under some circumstances, establish that the event occurred.[2]

In the context of *Batson* challenges at trial, we have determined that undisputed observations and uncontradicted statements of trial counsel can provide support in the record for assertions relative to the *Batson* claim. *See, e.g., Yarborough v. State,* 947 S.W.2d 892 (Tex.Crim.App. 1997); *Emerson v. State,* 820 S.W.2d 802 (Tex.Crim.App.1991). In the context of the characterization of an exhibit as a written judicial confession, we have said, "This Court accepts as true factual assertions made by counsel which are not disputed by opposing counsel." *Pitts v. State,* 916 S.W.2d 507, 510 (Tex.Crim.App.1996). In *Hayden v. State,* 66 S.W.3d 269, 273 (Tex. Crim.App.2001), we said that, because a defendant had neither disputed the state's claim before the trial court that witness statements described all of the extraneous offenses nor attempted to have the witness statements placed in the record, "We assume, therefore, that the witness statements are as the State represented them to be." In *Resanovich v. State,* 906 S.W.2d 40, 42 (Tex.Crim.App.1995), in which the defendant failed to dispute the state's submission regarding a prior murder sentence, we said, "Because there were no objections made to the State's undisputed observations, we hold that those observations constitute valid proof in support of the State's submission."

The state acknowledges that "Appellant correctly points out that a long line of cases hold that assertions of counsel should be taken as true." After citing a number of published opinions from this Court that "have applied this principle allowing appellate courts to accept as fact assertions from both prosecutors and defense attorneys[,]" the state also quite candidly concedes, "Appellant correctly points out that this long-standing line of cases applies to the statements made to the trial court by defense counsel at trial." Appellant's brief likewise cites several opinions of this Court and from courts of appeals. Among other cases, both parties cite *Yarborough v. State,* 947 S.W.2d 892 (Tex. Crim.App.1997).

> A counsel's statement about an occurrence in the courtroom, which was made for the purposes of the record, recorded by the court reporter, undisputed by the opposing counsel, and unquestioned and unqualified by the judge in whose presence the statement was made, establishes the occurrence for purposes of the appellate record.

*Id.* at 895, citing *Hicks v. State,* 525 S.W.2d 177 (Tex.Crim.App.1975).

█ The parties thus acknowledge that we have on several occasions held that a trial counsel's undisputed statements may be accepted as both true and sufficient to preserve an issue for appellate review. Such a statement, when made in open court without being contradicted or disputed by either opposing counsel or the trial court, provides *some* evidence of the fact of occurrence that is being asserted. At the very least, the assertion alerts the trial court that there may be a controversy over whether such an event occurred.

**2.** This is comparable to the principle whereby silence can be accepted as an adoptive admission. *See, e.g.,* Tex.R. Evid. 801(e)(2)(B); *Paredes v. State,* 129 S.W.3d 530, 534 (Tex.Crim. App.2004). We also observe that our Rules of Appellate Procedure provide a procedure, traditionally known as a bystander's bill of exception, to develop a record and place an issue before an appellate court when the party's version of events differs from that of the trial court. Tex.R.App. P. 33.2(c)(3). *See also* G. Dix & R. Dawson, *Texas Practice: Criminal Practice and Procedure* § 43.374 (2nd ed.2001).

The assertion does not, however, conclusively prove that the event occurred. The weight of the assertion is increased if the assertion about the alleged event is made contemporaneously to the event, thus giving opposing counsel and the trial court the opportunity to observe the event. If the asserted event is not the focus of attention at the time it occurs, it is all the more incumbent upon the objecting party to make a contemporaneous objection.[3] The weight of the contemporaneous assertion may similarly increase if a description of a non-oral event is entered into the record without objection.[4] If the circumstances warrant, the assertion may be supported by a bystander's bill. An uncontroverted assertion by counsel about an event, particularly a non-contemporaneous assertion, may be taken as true only if: (1) the event could not have happened without being noticed; and (2) the assertion is of the sort that would provoke a denial by opposing counsel if it were not true. If these two conditions are met, the opposing party may be held to have adoptively admitted the assertion, and the assertion will be accepted as both true and sufficient to preserve an issue for appellate review.

Finding that appellant preserved error for appeal, we vacate the judgment of the court of appeals and remand the cause to that court for further proceedings consistent with this opinion.

---

3. The behavior of a testifying witness will probably be a focus of attention, while a sleeping juror will not be unless the attention of the court is drawn to the objectionable behavior at the time it occurs. Failure to contradict an assertion in such circumstances may raise the issue of adoptive admission.

Disagreement as to what occurred may be addressed by proffer of a bill of exception.

4. Contemporaneous description of non-oral events, such as a disturbance in the audience or eye-rolling or smirking by a witness, fall into this category.