COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-03-141-CR

 

 

ROGER MERRITT THIELEMAN                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT
NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                     MEMORANDUM OPINION ON REMAND[1]

 

                                              ------------

                                          Background








This court previously affirmed Appellant=s conviction for aggravated assault with a deadly weapon.[2]  In our opinion, we overruled both of
Appellant=s points; we addressed the merits
of Appellant=s point one that challenged the
jury instruction at the guilt-innocence phase, and we held that Appellant=s point two was not properly preserved for appellate
review.[3]  The court of criminal appeals subsequently
reversed this court=s judgment, concluding that
Appellant had preserved his second point on appeal, which challenges the trial
court=s denial of Appellant=s motion for mistrial.[4]  The case was remanded to this court to
address the merits of Appellant=s second point.                  Motion For Mistrial

In
his second point, Appellant contends the trial court abused its discretion by
denying Appellant=s request for a mistrial because a
juror allegedly Aslept continuously throughout the
trial.@ 
During the guilt phase of trial, the following exchange took place
outside the presence of the jury between the trial court and Appellant=s trial counsel:

[Appellant=s counsel]: 
Okay.  Judge, we=d like to move for mistrial because there=s a jury [sic] that has slept continuously -- a juror that
has slept continuously throughout the trial.

 

THE COURT:  All right. 
Is that all you have to offer on it?

 

[Appellant=s counsel]:  On my
motion for mistrial with the sleeping juror. 
It=s the lady that was seated in the
third seat.








THE COURT:  I don=t know who you=re talking about. 
They all sit in different places every time.

 

[Appellant=s counsel]:  The
young girl with the red blond hair. 

 

THE COURT:  All right. 
Overruled.  All right.  What else now?

 

[Appellant=s counsel]:  That=s it for the record.

The
error thus being preserved, we must next determine whether the trial court's
refusal to grant a mistrial was error. 
Mistrials are Aan extreme remedy for prejudicial
events occurring during the trial process.@ 
Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996); Jackson
v. State, 50 S.W.3d 579, 588 (Tex. App.CFort Worth 2001, pet. ref=d).  In fact, the
granting of a mistrial should be an exceedingly uncommon remedy.  Bauder, 921 S.W.2d at 698.  We review the trial court's denial of a
mistrial deferentially, under an abuse of discretion standard.  Ladd v. State, 3 S.W.3d 547, 567 (Tex.
Crim. App. 1999), cert. denied, 529 U.S. 1070 (2000); Jackson, 50
S.W.3d at 588.  A trial court does not
abuse its discretion unless its ruling is arbitrary and unreasonable and
therefore outside the zone of reasonable disagreement.  Manning v. State, 114 S.W.3d 922, 926
(Tex. Crim. App. 2003).  The mere fact
that a trial court may decide a matter within its discretionary authority in a
different manner than an appellate court would in a similar circumstance does
not demonstrate that an abuse of discretion has occurred.  Id.








In
its opinion remanding this case for our further review, the court of criminal
appeals opined:

The
parties thus acknowledge that we have on several occasions held that a trial
counsel's undisputed statements may be accepted as both true and sufficient to
preserve an issue for appellate review. 
Such a statement, when made in open court without being contradicted or
disputed by either opposing counsel or the trial court, provides some
evidence of the fact of occurrence that is being asserted.  At the very least, the assertion alerts the
trial court that there may be a controversy over whether such an event
occurred.

 

The
assertion does not, however, conclusively prove that the event occurred.  The weight of the assertion is increased if
the assertion about the alleged event is made contemporaneously to the event,
thus giving opposing counsel and the trial court the opportunity to observe the
event.  If the asserted event is not the
focus of attention at the time it occurs, it is all the more incumbent upon the
objecting party to make a contemporaneous objection.  The weight of the contemporaneous assertion may similarly
increase if a description of a non‑oral event is entered into the record
without objection.  If the circumstances
warrant, the assertion may be supported by a bystander's bill.  An uncontroverted assertion by counsel about
an event, particularly a non‑contemporaneous assertion, may be taken as
true only if:  (1) the event could not
have happened without being noticed; and (2) the assertion is of the sort that
would provoke a denial by opposing counsel if it were not true.  If these two conditions are met, the
opposing party may be held to have adoptively admitted the assertion, and the
assertion will be accepted as both true and sufficient to preserve an issue for
appellate review.

 

Thieleman, 2005 WL 3408044, at *2-3
(footnotes omitted).








Accordingly,
the statement of Appellant=s counsel that one of the jurors, Athe young girl with the red blond hair,A has Aslept continuously throughout the
trial@ provides some evidence of
the fact of the occurrence that is asserted, and at the very least, counsel=s assertion alerted the trial court that there may be a
controversy over whether the juror was asleep throughout the trial.  See id. at *2.  However, counsel=s assertion does not prove conclusively that the event
occurred.  See id. at *3.  Therefore, we must review the circumstances
under which counsel=s statement was made.








Appellant
is correct that counsel for the State did not controvert the statement of
Appellant=s counsel.  The State may be held to have adoptively
admitted the assertion if the event could not have happened without being
noticed, and the assertion is of the sort that would provoke a denial by
opposing counsel if it were not true.  Id.  The request of Appellant=s counsel for a mistrial was made at the conclusion of the
guilt-innocence phase.[5]  Therefore, counsel=s assertion that a juror had slept continuously throughout
the trial was not made contemporaneously with any instance where counsel
actually pointed out to the court and opposing counsel that a juror was in fact
sleeping.  As stated by the court of
criminal appeals, a sleeping juror will probably not be a focus of attention
unless the attention of the court is drawn to the objectionable behavior at the
time it occurs.  Id. at *3
n.3.  We conclude that counsel=s uncontroverted assertion that a juror had slept
continuously throughout the trial cannot be conclusively taken as true because
the event could have happened without the court or opposing counsel noticing,
absent a contemporaneous objection by Appellant.  See id. at *3.

The
record does not contain any further elaboration about the allegedly sleeping
juror; no witnesses were called to testify on this issue, nor was a bystander=s bill of exception made to develop a record and place the
issue before the appellate court.  See
id. at *2 n.2; see also Tex.
R. App. P. 33.2(c)(3).  Based
upon the record before us, we cannot say that the trial court abused its
discretion by denying Appellant=s motion for mistrial.  Appellant=s second point is overruled. 

 

 

 

 

 

 

 

 








                                           Conclusion

Having
overruled all of Appellant=s points,[6]
we affirm the judgment of the trial court. 

 

DIXON W.
HOLMAN

JUSTICE

 

PANEL B:  HOLMAN, WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED:  March 23, 2006











[1]See Tex.
R. App. P. 47.4.





[2]Thieleman v. State, No. 2-03-141-CR, 2004 WL 2201773
(Tex. App.CFort Worth Sept. 30, 2004) (not
designated for publication), rev=d, 
No. PD-1743-04, 2005 WL 3408044 (Tex. Crim. App. Dec. 14, 2005).





[3]Thieleman, 2004 WL 2201773, at *1-2.





[4]Thieleman, 2005 WL 3408044, at *3.





[5]Immediately after the trial court
denied Appellant=s motion for mistrial, the court ascertained
that Appellant was not going to testify, Appellant rested, and the court held a
charge conference with the attorneys. 





[6]As noted earlier, our prior
opinion overruled Appellant=s first point on appeal, which
challenged a jury instruction on reasonable doubt.  See Thieleman, 2004 WL 2201773, at *1.  The court of criminal appeals denied review
of this holding.  See Thieleman,
2005 WL 3408044.  Accordingly, we do not
re-address Appellant=s first point.