THIELEMAN v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-141-CR

ROGER MERRITT THIELEMAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION ON REMAND
(footnote: 1)

------------

Background

This court previously affirmed Appellant’s conviction for aggravated assault with a deadly weapon.
(footnote: 2)  In our opinion, we overruled both of Appellant’s points; we addressed the merits of Appellant’s point one that challenged the jury instruction at the guilt-innocence phase, and we held that Appellant’s point two was not properly preserved for appellate review.
(footnote: 3)  The court of criminal appeals subsequently reversed this court’s judgment, concluding that Appellant had preserved his second point on appeal, which challenges the trial court’s denial of Appellant’s motion for mistrial.
(footnote: 4)  The case was remanded to this court to address the merits of Appellant’s second point.   
Motion For Mistrial

In his second point, Appellant contends the trial court abused its discretion by denying Appellant’s request for a mistrial because a juror allegedly “slept continuously throughout the trial.”  During the guilt phase of trial, the following exchange took place outside the presence of the jury between the trial court and Appellant’s trial counsel:

[Appellant’s counsel]:  Okay.  Judge, we’d like to move for mistrial because there’s a jury [sic] that has slept continuously -- a juror that has slept continuously throughout the trial.

THE COURT:  All right.  Is that all you have to offer on it?

[Appellant’s counsel]:  On my motion for mistrial with the sleeping juror.  It’s the lady that was seated in the third seat.

THE COURT:  I don’t know who you’re talking about.  They all sit in different places every time.

[Appellant’s counsel]:  The young girl with the red blond hair. 

THE COURT:  All right.  Overruled.  All right.  What else now?

[Appellant’s counsel]:  That’s it for the record.

The error thus being preserved, we must next determine whether the trial court's refusal to grant a mistrial was error.  Mistrials are “an extreme remedy for prejudicial events occurring during the trial process.”  
Bauder v. State
, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996); 
Jackson v. State
, 50 S.W.3d 579, 588 (Tex. App.—Fort Worth 2001, pet. ref’d).  In fact, the granting of a mistrial should be an exceedingly uncommon remedy.  
Bauder
, 921 S.W.2d at 698.  We review the trial court's denial of a mistrial deferentially, under an abuse of discretion standard.  
Ladd v. State
, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1070 (2000); 
Jackson
, 50 S.W.3d at 588.  A trial court does not abuse its discretion unless its ruling is arbitrary and unreasonable and therefore outside the zone of reasonable disagreement.
  Manning v. State,
 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).  The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. 
 Id.

In its opinion remanding this case for our further review, the court of criminal appeals opined:

The parties thus acknowledge that we have on several occasions held that a trial counsel's undisputed statements may be accepted as both true and sufficient to preserve an issue for appellate review.  Such a statement, when made in open court without being contradicted or disputed by either opposing counsel or the trial court, provides 
some
 evidence of the fact of occurrence that is being asserted.  At the very least, the assertion alerts the trial court that there may be a controversy over whether such an event occurred.

The assertion does not, however, conclusively prove that the event occurred.  The weight of the assertion is increased if the assertion about the alleged event is made contemporaneously to the event, thus giving opposing counsel and the trial court the opportunity to observe the event.  If the asserted event is not the focus of attention at the time it occurs, it is all the more incumbent upon the objecting party to make a contemporaneous objection.  The weight of the contemporaneous assertion may similarly increase if a description of a non-oral event is entered into the record without objection.  If the circumstances warrant, the assertion may be supported by a bystander's bill.  An uncontroverted assertion by counsel about an event, particularly a non-contemporaneous assertion, may be taken as true only if:  (1) the event could not have happened without being noticed; and (2) the assertion is of the sort that would provoke a denial by opposing counsel if it were not true.  If these two conditions are met, the opposing party may be held to have adoptively admitted the assertion, and the assertion will be accepted as both true and sufficient to preserve an issue for appellate review.

Thieleman
, 2005 WL 3408044, at *2-3 (footnotes omitted).

Accordingly, the statement of Appellant’s counsel that one of the jurors, “the young girl with the red blond hair,“ has “slept continuously throughout the trial” provides 
some
 evidence of the fact of the occurrence that is asserted, and at the very least, counsel’s assertion alerted the trial court that there may be a controversy over whether the juror was asleep throughout the trial.  
See id.
 at *2.  However, counsel’s assertion does not prove conclusively that the event occurred.  
See id.
 at *3.  Therefore, we must review the circumstances under which counsel’s statement was made.

Appellant is correct that counsel for the State did not controvert the statement of Appellant’s counsel.  The State may be held to have adoptively admitted the assertion if the event could not have happened without being noticed, and the assertion is of the sort that would provoke a denial by opposing counsel if it were not true.  
Id.
  The request of Appellant’s counsel for a mistrial was made at the conclusion of the guilt-innocence phase.
(footnote: 5)  Therefore, counsel’s assertion that a juror had slept continuously throughout the trial was not made contemporaneously with any instance where counsel actually pointed out to the court and opposing counsel that a juror was in fact sleeping.  As stated by the court of criminal appeals, a sleeping juror will probably not be a focus of attention unless the attention of the court is drawn to the objectionable behavior at the time it occurs.  
Id. 
at *3 n.3.  We conclude that counsel’s uncontroverted assertion that a juror had slept continuously throughout the trial cannot be conclusively taken as true because the event could have happened without the court or opposing counsel noticing, absent a contemporaneous objection by Appellant.  
See id.
 at *3.

The record does not contain any further elaboration about the allegedly sleeping juror; no witnesses were called to testify on this issue, nor was a bystander’s bill of exception made to develop a record and place the issue before the appellate court.  
See id.
 at *2 n.2; 
see also
 
Tex. R. App. P.
 33.2(c)(3).  Based upon the record before us, we cannot say that the trial court abused its discretion by denying Appellant’s motion for mistrial.  Appellant’s second point is overruled. 

Conclusion

Having overruled all of Appellant’s points,
(footnote: 6) we affirm the judgment of the trial court. 

DIXON W. HOLMAN

JUSTICE

PANEL B:  HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 23, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Thieleman v. State
, No. 2-03-141-CR, 2004 WL 2201773 (Tex. App.—Fort Worth Sept. 30, 2004) (not designated for publication), 
rev’d
,  No. PD-1743-04, 2005 WL 3408044 (Tex. Crim. App. Dec. 14, 2005).

3:
Thieleman,
 2004 WL 2201773, at *1-2.

4:
Thieleman, 
2005 WL 3408044, at *3.

5:
Immediately after the trial court denied Appellant’s motion for mistrial, the court ascertained that Appellant was not going to testify, Appellant rested, and the court held a charge conference with the attorneys. 

6:
As noted earlier, our prior opinion overruled Appellant’s first point on appeal, which challenged a jury instruction on reasonable doubt.  
See
 
Thieleman,
 2004 WL 2201773, at *1.  The court of criminal appeals denied review of this holding. 
 See Thieleman,
 2005 WL 3408044.
  Accordingly, we do not re-address Appellant’s first point.