Opinion issued March 5, 2009







 






In The

Court of Appeals

For The

First District of Texas






NOS. 01-08-00058-CR

 01-08-00059-CR






SHAPREAL JAMES ARCENEAUX, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause Nos. 1123648 & 1123649






MEMORANDUM OPINION


 A jury convicted appellant, Shapreal James Arceneaux, of the offenses of
aggravated kidnapping, (1) and aggravated sexual assault of a child. (2) Both charges were
enhanced with one prior felony conviction. The jury found appellant guilty of both
charges; appellant pleaded true to the enhancements; and the trial court assessed
punishment at 40 years' confinement on each charge. We affirm.

 In his sole point of error on appeal, appellant contends the trial court erred by
refusing to sua sponte grant a mistrial after appellant pointed out that one of the jurors
may have been sleeping. During the testimony of a nurse who examined the victim,
the following exchange took place:

 [Appellant]: The testimony that the prosecution is bringing is vital. I
think one of the jurors is possibly falling to sleep.


 [Trial Court]: Can you nudge him? I don't know how much he's heard
and how much he hasn't. He may just be resting his eyes.


 [Appellant]: I hope because I don't want to offend him.


 [Trial Court]: He looks awake to me. Alright.


 After this exchange, the testimony resumed. Appellant made no objection, nor
did he request a mistrial. Generally, to preserve error for appellate review, an
appellant must have made a timely objection in the trial court, even if the error is
"incurable" or "constitutional." See Tex. R. App. P. 33.1; Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996); Deener v. State, 214 S.W.3d 522, 527 (Tex.
App.--Dallas 2006, pet. ref'd). Appellant concedes that he did not object, but
nonetheless argues that the trial court should have acted sua sponte and declared a
mistrial. However, appellant cites no authority for this assertion. In fact, there is
authority holding to the contrary. See Thieleman v. State, 187 S.W.3d 455, 456 (Tex.
Crim. App. 2005) (error regarding sleeping juror preserved by noting fact that juror
slept and then moving for mistrial); Menard v. State, 193 S.W.3d 55, (Tex.
App--Houston 2006, pet. ref'd) (point of error regarding sleeping juror waived by
failure to object, request a mistrial, or file a motion for new trial). We are aware that
appellant represented himself at trial, but a pro se litigant is held to the same
standards as licensed attorneys and must comply with applicable laws and rules of
procedure. See Johnson v. State, 760 S.W.2d 277, 279 (Tex.Crim.App.1988).

 Because appellant did not object or request a mistrial, his point of error
regarding the juror who was "possibly" sleeping is waived. We overrule appellant's
sole point of error and affirm the judgments of the trial court.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).
1. § 
 ---
2. § 
 ---