Opinion issued July 22, 2010

                                                                        

 

 

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00481-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ROBERT ALAN HARLESTON, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 1205091

 

 



MEMORANDUM OPINION

          A
jury convicted Robert Alan Harleston, Jr., of the felony offense of aggravated
sexual assault of a child.  See Tex.
Penal Code Ann. § 22.021(a)(2)(B) (Vernon Supp. 2009).  After Harleston pleaded true to the
allegations in an enhancement paragraph, the trial court assessed punishment at
twenty-five years’ confinement.  On
appeal, Harleston contends that he was denied his right to a jury trial when a
juror allegedly slept through a portion of the complaining witness’s testimony.  Because defense counsel did not object to
leaving the allegedly sleeping juror on the jury, move for a mistrial, allege
juror misconduct in his motion for new trial, or otherwise attempt to develop a
record concerning the identity of the sleeping juror, whether the juror actually
slept, and how much, if any, of the testimony the juror missed, we hold that
Harleston failed to preserve his complaint for appellate review.  We therefore affirm.

Background

The State indicted Harleston for
aggravated sexual assault of a child, K.D., who was twelve at the time of the
offense and living with Sheila Davis, K.D.’s relative and Harleston’s
girlfriend.  K.D. testified that on Thanksgiving
2004, she watched television with Sheila and Harleston while lying on their
bed.  After Sheila fell asleep, Harleston
and K.D. continued talking and Harleston began rubbing K.D. on her arms and
back.  Harleston removed K.D.’s pants and
underwear and placed his finger inside of her vagina.  K.D. went into the bathroom, started crying
and cutting her arm, and then went into the living room.  K.D. testified that Harleston followed her
into the living room, removed her clothes again and had sex with her.

Harleston’s attorney reserved his
cross-examination of K.D. until the following day.  At the end of the State’s direct examination,
the trial court stated:

The Court:  Would
you all like to take your afternoon break now or wait until about 3:30?  I notice we have at least one person
asleep.  I wonder if it might be a good
time to get up and move around.  Tell me.

 

A Juror:      3:30
is fine.

 

The Court:  Okay.  Or as close to that as we can get.  It is important to stay awake during the
testimony.  In case you’re wondering,
this little computer captures the real time what she’s entering into her
machine so I can read the testimony.  I
bet you wish you had that too.

 

Defense counsel did not object to
leaving an allegedly sleeping juror on the jury, nor did he move for a mistrial
or attempt to make a record concerning the identity of the sleeping juror,
whether the juror was actually asleep, and how much of K.D.’s testimony, if
any, the juror missed.  Harleston moved
for a new trial, but only challenged the sufficiency of evidence—he did not claim
juror misconduct.

 

 

Discussion

          Harleston
contends that he was denied his right to a jury trial when a juror allegedly
slept through a portion of K.D.’s testimony, and absent any request, the trial
court should have conducted its own hearing to determine (1) how much of K.D.’s
testimony the sleeping juror missed and (2) how Harleston wished to proceed.  To preserve a complaint for appellate review,
the party must first present that complaint to the trial court by a timely
request, objection, or motion.  Tex. R. App. P. 33.1(a); Menard v. State, 193 S.W.3d 55, 59 (Tex.
App.—Houston [1st Dist.] 2006, pet. ref’d) (“To be timely, an objection must be
raised at the earliest opportunity or as soon as the ground of objection
becomes apparent.” (quoting Penry v.
State, 903 S.W.2d 715, 763 (Tex. Crim. App. 1995))).  To properly preserve error regarding juror
misconduct, the defendant must move for a mistrial or a new trial.  See
Menard, 193 S.W.3d at 59 (citing Thieleman
v. State, 187 S.W.3d 455, 456 (Tex. Crim. App. 2005)).

          In
Menard, defense counsel noticed a
juror “nodding off” during the punishment phase of the trial, but did not bring
this to the trial court’s attention until the jury retired to determine punishment.  Id.  Menard “did not object to the service of the
juror or request that the trial court remove the juror.”  Id.  Menard also did not move for a mistrial, nor
did he move for a new trial and allege juror misconduct.  Id.  As a result, we held that he failed to
preserve his complaint for appellate review. 
Id.; see also Thieleman, 187 S.W.3d at 458 (holding that defense counsel
preserved error by informing trial court that juror had “continuously slept
through” trial and moving for mistrial).

According to Harleston, the trial
court should have conducted a hearing to determine how much of K.D.’s testimony
the juror missed.  Harleston cites no
authority for the proposition that the trial court has a duty to conduct such a
hearing absent a request from counsel or ask the defendant how he wishes to
proceed if a juror appears to be sleeping during testimony.  In Menard,
we observed that “a court has considerable discretion in deciding how to handle
a sleeping juror.”  Id. (quoting United States v.
Freitag, 230 F.3d 1019, 1023 (7th Cir. 2000) (stating that trial court did
not abuse its discretion by not conducting further inquiry into how much
evidence sleeping juror missed when court had not noticed an “extensive
sleeping problem”)).  Here, in the
exercise of that discretion, the trial court made counsel and the jurors aware
of the issue and scheduled a break.

          No
indication exists that the juror in this case (1) was actually asleep and
unaware of the evidence presented, (2) missed a large portion of K.D.’s
testimony, or (3) displayed a recurring problem of missing testimony due to
sleeping.  Neither party brought any
other instance of sleeping to the court’s attention.  After the trial court made its observation,
Harleston requested no relief regarding the allegedly sleeping juror.  We decline to hold that, upon noticing a juror
who appears to be sleeping, the trial court has a duty to conduct a sua sponte hearing to determine whether
the juror was sleeping, how much evidence the juror missed, and how the
defendant wishes to proceed.  See Menard, 193 S.W.3d at 60 (noting
that trial court not required to remove sleeping juror and handling sleeping
jurors is within trial court’s “considerable discretion”).

          Although
Harleston moved for a new trial, he raised only sufficiency of evidence points
in the motion—he did not allege juror misconduct or attempt to develop a record
concerning the sleeping juror.  Because
Harleston did not object to the presence of a sleeping juror on the jury, move
for a mistrial, or allege juror misconduct in his motion for new trial, we hold
that Harleston failed to preserve his complaint that the presence of an
allegedly sleeping juror deprived him of his right to a jury trial.

Conclusion

Because Harleston did not object to
the presence of an allegedly sleeping juror, did not move for a mistrial, and
did not allege juror misconduct in his motion for new trial, we hold that he
failed to preserve for appeal his complaint that the presence of a sleeping
juror denied him his right to a jury trial. 
We therefore affirm the judgment of the trial court.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Sharp.

Do Not Publish.  Tex.
R. App. P. 47.2(b).