ACCEPTED
01-14-01023-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/10/2015 5:48:47 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-01023-CR

## IN THE COURT OF APPEALS FOR THE FIRST JUDICIAL DISTRICT OF TEXAS AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/10/2015 5:48:47 PM
CHRISTOPHER A. PRINE
Clerk

## CAUSE NO. 10-DCR-055898, COUNT TWO
## 240TH DISTRICT COURT, FORT BEND COUNTY, TEXAS

---

### STATE OF TEXAS, Appellant

### VS.

### SEAN MICHAEL MCGUIRE, Appellee

---

### STATE'S AMENDED APPELLATE BRIEF

---

JOHN F. HEALEY, JR.
District Attorney, 268th Judicial District
Fort Bend County, Texas

Jason Bennyhoff
Sherry Robinson
Assistant District Attorneys

Gail Kikawa McConnell
Assistant District Attorney
SBOT #11395400
301 Jackson Street, Room 101
Richmond, Texas 77469
(281) 341-4460 / (281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

Counsel for the State of Texas

--Oral argument requested--

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a)(1)(A), the State supplements Appellant's list of parties to the trial court's final judgment:

THE STATE OF TEXAS, Appellant

| | |
|---|---|
| John F. Healey, Jr.<br>301 Jackson St<br>Richmond, TX 77469 | District Attorney, 268th Judicial District<br>Fort Bend County, Texas |
| Jason Bennyhoff<br>Sherry Robinson | Assistant District Attorneys<br>at trial |
| Gail Kikawa McConnell<br>Fort Bend County District Attorney's Office<br>301 Jackson Street, Room 101<br>Richmond, Texas 77469 | Assistant District Attorney<br>on appeal |

SEAN MICHAEL MCGUIRE. Appellee

| | |
|---|---|
| Michael W. Elliott<br>905 Front Street<br>Richmond, TX 77469 | Attorney for McGuire |
| Kristen Jernigan<br>207 So Austin Ave<br>Georgetown, TX 78626 | Attorney for McGuire |

TRIAL COURT

Hon. Donald Higginbotham                                        Judge Presiding
Assigned Judge                                    at Trial on the Merits
c/o Second Administrative Judicial Region of Texas
301 N. Thompson, Suite 102
Conroe, TX  77301


Hon. Thomas Culver, III                               Judge Presiding
240th District Court, Fort Bend County          at the Writ Hearing
301 Jackson St
Richmond, TX  77469

**TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . viii

POINTS OF ERROR. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    The standard of review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    Appellee invited error in leaving Count II pending and is estopped from complaining of his wrong. . . . . . . . . . . . . . . . . . . . . . 5

        1.    The double jeopardy clause protects against multiple trials and multiple punishments, not multiple convictions in a single trial. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        2.    Article 37.07, Section 1(c) requires a verdict on each count presented by the indictment. . . . . . . . . . . . . . . . . . . . . . . 7

        3.    A double jeopardy violation by multiple punishments is prevented by issuing mandate on only the greater offense after appellate review. . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

4. Appellee invited error in requesting only one verdict, and the trial court abused its discretion in allowing Appellee to take advantage of his own wrong.. . . . . . . . . . . . . . . . . . . . . . 9

C. Final Jeopardy has not attached to either count and there is no double jeopardy bar to a second trial. . . . . . . . . . . . . . . . . . . . . . . . 9

D. The State avers that if the conviction for felony murder is affirmed, it will dismiss the charge for intoxication manslaughter upon the receipt of mandate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

iv

# INDEX OF AUTHORITIES

**CASES** **Page**

Abney v. United States,
  431 U.S. 651 (1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Bigon v. State,
  252 S.W.3d 360 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . . . . . . 6-8

Blueford v. Arkansas,
  132 S.Ct. 2044 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Brown v. Ohio,
  432 U.S. 161 (1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Ex parte Cavazos,
  203 S.W.3d 333 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . . . . . 6

Ex parte Koester,
  451 S.W.3d 908 (Tex. App.-Houston [1st Dist.] 2014, no pet.).. . . . . . . . . . 5

Kniatt v. State,
  206 S.W.3d 657 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . . . . . 5

North Carolina v. Pearce,
  395 U.S. 711 (1969), *overruled on other grounds by*
  *Alabama v. Smith*, 490 U.S. 794 (1989). . . . . . . . . . . . . . . . . . . . . . . 6

Prystash v. State,
  3 S.W.3d 522 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . 5

Thieleman v. State,
  187 S.W.3d 455, 458 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . . . . 1

Washington v. State,
  326 S.W.3d 701 (Tex. App.--Houston [1st Dist.] 2010, no pet.). . . . . . . . . . 5

Woodall v. State,
    336 S.W.3d 634 (Tex. Crim App. 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**CONSTITUTIONS**

United States Constitution
    Amendment V. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    Amendment XIV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES AND RULES**

CODE OF CRIMINAL PROCEDURE
    Article 37.07. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

PENAL CODE
    Section 19.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    Section 49.08. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**NO. 01-14-01023-CR**

**IN THE COURT OF APPEALS FOR THE
FIRST JUDICIAL DISTRICT OF TEXAS
AT HOUSTON, TEXAS**

**CAUSE NO. 10-DCR-055898, COUNT TWO
240TH DISTRICT COURT, FORT BEND COUNTY, TEXAS**

---

**STATE OF TEXAS, Appellant**

**VS.**

**SEAN MICHAEL MCGUIRE, Appellee**

---

**STATE'S APPELLATE BRIEF**

---

**TO THE HONORABLE COURT OF APPEALS:**

**STATEMENT OF THE CASE**

The State appeals the trial court's order of pre-trial habeas relief dismissing Count II-intoxication manslaughter as a double jeopardy violation after Appellee was convicted by a jury in Count I-felony murder. [2CR635] Appellee appealed the judgment for Count I. *McGuire v. State*, No. 01-14-00240-CR. Count II was tried together with Count I and for the offense of failure to stop and render charged in a separate indictment. [RR-writ at 5-6] Count II remained pending after trial because Appellee insisted that only one guilty verdict or "an acquittal" be returned after

vii

consideration of murder, intoxication manslaughter, DWI-3rd, DWI-2nd, or DWI. [RR-writ at 5, 2CR474-88]

The State appeals the dismissal of Count II at the invitation of the trial court and solely to preserve and/or insure its right to try Appellee on Count II if this Court were to reverse or vacate the judgment for felony murder. By this appeal, the State in no way concedes error in No.01-14-00240-CR or believes it likely to be found, but simply recognizes that several unsettled issues were presented in that appeal.

## STATEMENT OF ORAL ARGUMENT

Whether the trial court erred in dismissing Count II as a double jeopardy violation, is one of law. However, oral argument may be helpful to the Court because of the common concept that the Double Jeopardy Clause protects against "multiple convictions," when its protection prevents multiple trials and multiple punishments for the same offense.

## POINTS OF ERROR

<u>Point of Error One</u>:  The trial court abused its discretion in allowing Appellee to take advantage of his wrong in insisting that only one verdict be returned when the indictment alleged two counts.

<u>Point of Error Two</u>:  The trial court abused its discretion in dismissing Count II when no verdict had been rendered, the judgment in Count I was not final, and the Double Jeopardy Clause did not bar a second trial.

# STATEMENT OF FACTS[1]

Appellee was charged in a single indictment with the offenses of felony murder and intoxication manslaughter in causing the death of David Stidman:

## COUNT I

> did then and there unlawfully commit or attempt to commit a felony, to wit: Driving While Intoxicated (Third Offense), and in furtherance of the commission, or in immediate flight from the commission of said felony, he committed or attempted to commit an act clearly dangerous to human life, to wit: while driving a motor vehicle on a public street the defendant failed to maintain an adequate lookout for traffic and road conditions and by failing to take proper evasive actions, and thus collided with a motorcycle driven by David Stidman causing the death of David Stidman.

---

[1] No evidence was offered at the writ hearing, which was not heard by the judge who presided at Appellee's jury trial. [RR-writ at 4] The Statement of Facts is drawn from:

(1) the parties' briefs, which the trial court assured the parties it had read. [RR-writ at 3] No objections were lodged by either side to any part of the other party's brief. [RR-writ at 3-4] These briefs are included in the Clerk's Record at pages 519-629.

(2) the uncontroverted statements of the attorneys referencing events and circumstances at trial that are corroborated by the reporter's record of the charge conference included in the State's brief at 2CR550-73, and the jury charge at 2CR461-93. *See Thieleman v. State*, 187 S.W.3d 455, 458 (Tex. Crim. App. 2005) (uncontroverted assertion by counsel about an event may be taken as true if "(1) the event could not have happened without being noticed; and (2) the assertion is of the sort that would provoke a denial by opposing counsel if it were not true. If these two conditions are met, the opposing party may be held to have adoptively admitted the assertion, and the assertion will be accepted as both true and sufficient to preserve an issue for appellate review").

1

COUNT II

It is further presented that on or about August 2, 2010 in Fort Bend County, Texas the Defendant, Sean Michael McGuire, did then and there unlawfully, by accident and mistake, while operating a motor vehicle in a public place while intoxicated, namely by reason of introduction of alcohol into the defendant's body, and by reason of that intoxication, did then and there cause the death of David Stidman by driving said motor vehicle and striking a motorcycle driven by David Stidman.

[1CR10]

These offenses were tried to a jury together with the offense of failure to stop and render aid ("FSRA") that was charged in a separate indictment. [RR-writ 5-6] Appellee appealed his conviction for FSRA, and that appeal is pending in this Court. *McGuire v. State*, No. 01-14-00241-CR.

The trial court adopted Appellee's jury charge, instructing the jury to "choose from four separate and distinct offenses or acquittal." [RR-writ at 5, 2CR474-88] The State objected and, pursuant to Article 37.07, requested that the jury be instructed to return a verdict of guilty or not guilty on each count. [RR-writ at 9] Appellee "pointed out" that the State was "requesting that the Court intentionally engage in a double jeopardy violation," the trial court overruled the State's objection. [RR-writ 8]

The jury convicted Appellee for felony murder and assessed punishment at eighteen years imprisonment and a $5,000 fine. [RR-writ 5-6; 2CR483, 493] On

March 20, 2014, the District Attorney wrote a letter to TDCJ, Classifications and Records, explaining that Count II of the indictment for intoxication manslaughter remained pending because no verdict had been returned. [RR-writ at 7; 2CR525-26]

On September 2, 2014, Appellee filed a pre-trial motion for writ of habeas corpus asserting, "Applicant is currently suffering a Double Jeopardy violation because he has already been convicted of murder for causing the death of David Stidman and is currently charged with Intoxication Manslaughter for causing the death of David Stidman."  [2CR518-45]  The State filed a written response. [2CR539-629]

On December 9, 2014, the trial court assured counsel it had read their briefs and invited arguments.  [RR-writ 3]  After hearing the arguments of counsel, and encouraging the State to appeal its order, the trial court granted relief, dismissed Count II, and denied the State's motion to stay.  [RR-writ at 1, 14; 2CR635]  The State filed its timely notice of appeal.  [2CR636-641]

## SUMMARY OF THE ARGUMENT

The Double Jeopardy Clause protects against multiple trials and multiple punishments, not multiple convictions in a single trial. Any double jeopardy violation for multiple punishments can be prevented by the issuance of mandate on only one judgment after appellate review.

The trial court erred in dismissing Count II-intoxication manslaughter as a double jeopardy violation for two reasons:

One, Appellee created his own double jeopardy dilemma by insisting, contrary to statute, that only one verdict should be returned when the indictment alleged two counts. Because he invited error, Appellee was estopped from complaining about the pendency of Count II.

Two, the decision in neither count is final. Appellee appealed the judgment in Count I-felony murder, which remains pending; and no verdict was rendered in Count II-intoxication manslaughter. While Double Jeopardy poses no bar to a second trial, the State has no intention of prosecuting Count II until after mandate issues in the appeal of the judgment in Count I.

## STATE'S ARGUMENT

The trial court erred in dismissing Count II-intoxication manslaughter.

*A.      The standard of review.*

> We review a trial court's ruling on a pretrial writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Washington v. State*, 326 S.W.3d 701, 704 (Tex. App.--Houston [1st Dist.] 2010, no pet.). In conducting this review, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664; *Washington*, 326 S.W.3d at 704.

*Ex parte Koester*, 450 S.W.3d 908, 910 (Tex. App.--Houston [1st Dist.] 2014, no pet.).

*B.      Appellee invited error in leaving Count II pending and is estopped from complaining of his wrong.*

At the writ hearing, the State told the trial court that Appellee requested that only one verdict of guilty be returned, thus leaving Count II pending. [RR-writ 9; 2CR567-71] The State argued that Appellee "created the situation where he went to trial and ended up without a verdict." [RR-writ at 9]

> The law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental. *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (en banc). In other words, a party is estopped from seeking appellate relief based on error that it induced. *Id.* "To hold otherwise would be to permit him to take advantage of his own wrong." *Id.*

*Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim App. 2011) (footnote omitted, appellant estopped from complaining of a violation of confrontation rights).

5

The trial court abused its discretion in allowing Appellee to take advantage of his own wrong.

>    1.    *The double jeopardy clause protects against multiple trials and multiple punishments, not multiple convictions in a single trial.*

The Fifth Amendment, applicable to the States under the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V & XIV; *Brown v. Ohio,* 432 U.S. 161, 164 (1977).

> The Fifth Amendment offers three different constitutional protections. First, protection against a second prosecution for the same offense after acquittal. Second, protection against a second prosecution for the same offense after conviction. Third, protection against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989); *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006).

*Bigon v. State*, 252 S.W.3d 360, 369-70 (Tex. Crim. App. 2008).

The Double Jeopardy Clause does not protect against multiple convictions in a single trial.

Here, felony murder and intoxication manslaughter are not lesser included offenses. The State knows of no Texas case requiring the State to proceed to trial on either felony murder or intoxication manslaughter and not both. Logically, both should be presented to the jury for its consideration:

6

- Felony murder[2] requires two prior convictions for DWI and intoxication manslaughter does not. On this basis, a jury might find that the State failed in its proof of the two prior convictions and convict the defendant of intoxication manslaughter.

- Intoxication manslaughter[3] requires the death to be caused by reason of the intoxication and felony murder does not. On this basis, a jury might find against intoxication manslaughter and find the felony murder.

Thus, to ensure a conviction for either felony murder or manslaughter both offenses must be presented to a jury, and both must be presented to the same jury in a single trial because the "allowable unit of prosecution" is one unit per death. *Bigon*, 252 S.W.3d at 372.

### 2. Article 37.07, Section 1(c) requires a verdict on each count presented by the indictment.

At the writ hearing, the State told the trial court that it had requested a verdict in each count and was entitled to those verdicts under Article 37.07. [RR-writ at 9; 2CR567] Article 37.07, Section 1(c) provides in pertinent part:

> If the charging instrument contains more than one count . . . the jury shall be instructed to return a finding of guilty or not guilty in a separate verdict as to each count and offense submitted to them.

Tex. Code Crim. Proc. art. 37.07, § 1(c) (West 2010).

The State was entitled to a jury verdict for each count of the indictment and

---

[2] Tex. Pen. Code § 19.02(b)(3) (West 2010).

[3] Tex. Pen. Code § 49.08 (West 2010).

7

Appellee invited error by insisting that only one verdict should be rendered.

> 3.  *A double jeopardy violation by multiple punishments is prevented by issuing mandate on only the greater offense after appellate review.*

At the writ hearing, the State argued that a double jeopardy violation for multiple punishments can be avoided by abandoning the lesser offense as determined under *Bigon*. [RR-writ at 9-10]

In *Bigon*, the Court of Criminal Appeals resolved a double jeopardy violation in Bigon's conviction for both felony murder and intoxication manslaughter by the "most serious offense test." *Bigon*, 252 S.W.3d at 273. This test is used for policy reasons including that "this test would eliminate arbitrary decisions based upon the order of offenses in the charging instrument, that in most circumstances the State would elect to retain the most serious conviction, and that public safety is insured through the deterrent influence of penalties." *Id.* "[T]he most serious offense is the offense for which the greatest sentence is assessed." *Id.* In *Bigon*, the sentences were the same, so the court looked to the degree of felony to find felony murder the most serious offense and vacated the judgment for intoxication manslaughter. *Id.*

Likewise, in this case, if Appellee had been convicted of both felony murder and intoxication manslaughter, after appellate review, this Court could apply the most serious offense test to prevent a double jeopardy violation for multiple punishments.

8

> 4. *Appellee invited error in requesting only one verdict, and the trial court abused its discretion in allowing Appellee to take advantage of his own wrong.*

Contrary to law, Appellee insisted on one verdict. Appellee is estopped from complaining about the pendency of Count II when a verdict should have been rendered at trial.

As shown in the foregoing argument, and as Appellee stated in his application for writ of habeas corpus, "To be sure, the Double Jeopardy Clause protects against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on appeal following final judgment." [2CR520 (quoting *Abney v. United States*, 431 U.S. 651, 660-61 (1977)]

The trial court abused its discretion in allowing Appellee to take advantage of his wrong. Point of Error One should be sustained and Count II reinstated.

> C. *Final Jeopardy has not attached to either count and there is no double jeopardy bar to a second trial.*

At the writ hearing, the State told the trial court that it had objected to Appellee's request for one verdict and asked for a verdict on each count pursuant to Article 37.07, Code of Criminal Procedure. [RR-writ at 9, 2CR567] The State analogized the failure to return a verdict on Count II to another no verdict scenario--a hung jury, and argued there was no double jeopardy violation in a second trial. [RR-writ at 11]

9

The Double Jeopardy Clause protects against multiple trials and multiple punishments for the same offense. *Bigon*, 252 S.W.3d at 369-70. At the time Appellee brought his application for pre-trial writ, Appellee's pending charge for intoxication manslaughter had not been set for a second trial. Neither multiple trials, nor multiple punishments has occurred in this case.

Appellee appealed his conviction for felony murder (Count I). *McGuire v. State*, 01-14-00240-CR. Appellee's appeal is still pending in this Court, and the conviction is not final.

No verdict was rendered for intoxication manslaughter (Count II). Where no verdict is returned, the Double Jeopardy Clause does not bar a second trial on the same offense. *See Blueford v. Arkansas*, 132 S.Ct. 2044, 2050 (2012) (absent a verdict, the foreperson's report of an acquittal for capital murder and murder "was not a final resolution of anything").

The trial court abused its discretion in dismissing Count II as a double jeopardy violation.

> D. *The State avers that if the conviction for felony murder is affirmed, it will dismiss the charge for intoxication manslaughter upon the receipt of mandate.*

Dismissal of Count II means that if this Court were to find error and reverse or vacate the judgment for felony murder, the State will not be able to present the intoxication manslaughter offense on retrial. Hence, this appeal.

10

However, as shown by the record, the State is well aware that it may not retain convictions for both felony murder and intoxication manslaughter. [RR-writ at 10; 2CR552, 558] The State has no intention of prosecuting Appellee for intoxication murder if the judgment for felony murder is affirmed. Therefore, if this Court were to affirm the judgment for felony murder, the State avers it will dismiss Count II upon receipt of the Court's mandate.

The State's points of error should be sustained.

**PRAYER**

The State prays that the trial court's order granting relief be reversed and Count II be reinstated, pending the outcome of the appeal of the judgment in Count I in *McGuire v. State*, 01-14-00240-CR.

Respectfully submitted,

John F. Healey, Jr.
SBOT# 09328300
District Attorney, 268th Judicial District
Fort Bend County, Texas

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell
Assistant District Attorney
SBOT # 11395400
301 Jackson Street, Room 101
Richmond, Texas 77469
(281) 341-4460 / (281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

Counsel for the State

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the State's Appellate Brief, in total through the prayer, contains 3,605 words as counted by WordPerfect 6X, which is less than the 15,000 word limit for a brief.

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the State's appellate brief was served by e-mail or the case filing manager on June 10, 2015, and by certified mail, return receipt requested  # 7012 3460 0002 4097 9275 on June 11, 2015, on Ms. Kristen Jernigan, Attorney for Appellee, 207 S. Austin Ave., Georgetown, TX  78626.

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell